### 7597

### STATE v. TUCKER.

MANSLAUGHTER—NEGLIGENCE.—He who causes the death of another by the negligent use of a gun or pistol is guilty of manslaughter.

Before SHIPP, J., Union, February term, 1910. Affirmed.

Indictment against Russel Tucker for murder. From sentence for manslaughter, defendant appeals.

*Messrs. Wallace & Barron,* for appellant, cite: 21 Ency., 191: Whar. on Hom., 681, 695; 1 Bishop's New Cr. L., 314; 1 McClain on Cr. L., 129.

*Solicitor J. C. Otts,* contra, cites: 66 S. C., 421; 109 Mo., 345; 87 Ga., 526; 79 Ky., 461; 94 Ala., 35; 110 Ind., 486; 61 L. R. A., 277.

July 4, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The defendant, under an indictment for murder, was convicted of manslaughter and sentenced to two years at hard labor on the public works of the county.

The testimony for the State tended to show that, in Union county in December, 1909, at night, the defendant, who had never handled a pistol before, got his father's pistol out of the bureau, and was "projecting" around with it in

the room in presence of the deceased, a boy about ten years old, his sister, and one or more other smaller children. Defendant, whose age is not stated, had playfully snatched a dime from the pocket of his sister, and the sister tried to recover it when defendant said to her: "If you don't sit down, I am going to shoot you." The sister sat down and then the deceased tried to take the money from defendant, and defendant told him if he didn't sit down he was going to shoot him, and deceased said, "No, you won't, either." Then defendant said: "If you don't believe it, hold out your hand, I will show you." Then deceased held out his hand and snatched it back.

Shortly afterwards the pistol fired, the ball striking deceased in the neck and killing him; whereupon the defendant said: "Lord have mercy, did I shoot him?" and being frightened, ran off for a couple of hours and returned. The deceased was a half brother of the defendant.

The defendant testified that he was sitting down rubbing the pistol, and that deceased was sitting down by his side when he commenced, and that without knowing that it was loaded or that his brother was in front of him, pulled the trigger without meaning to do so.

From the foregoing statement, it is clear that there was some testimony of criminal carelessness in handling the pistol, which resulted in homicide.

Exception is taken to the following charge to the jury:

"Where a person handles firearms in a criminally careless way, and causes the death of some person, he would be guilty of manslaughter. Now, it is necessary for me to define to you what we mean by carelessness or negligence. Negligence is the want of due care; it is the failure to observe due care under the circumstances, or I might put it this way; it is the failure to do that which a person of ordinary firmness and reason would have done under the circumstances, or it is doing something that a person of ordinary care and prudence would not have done under

the same circumstances. Now, that is the question of fact for you. The defendant comes into Court charged with the taking of the life of Nick Tucker He says that he did; that it was an accident. Now, the question before you is whether or not in taking the life of Nick Tucker, the defendant here was guilty of criminal carelessness in the sense that I have defined it to you. Inquire would a person of ordinary prudence, surrounded by the same circumstances that surrounded him at the time, have acted in the same way that he did."

The error assigned is that the Court thereby charged that criminal carelessness upon which a verdict of guilty of involuntary manslaughter could be based, was to be determined by the standard of simple negligence or carelessness or mere inadvertence; whereas, it is submitted that criminal carelessness involves that degree of lack of care amounting to recklessness or gross carelessness.

The point raised has been expressly ruled against appellant's contention in the case of *State* v. *Gilliam,* 66 S. C., 423, 45 S. E., 6, which sustained a charge like the one complained of and held, that a person who causes another's death by the negligent use of a pistol or gun is guilty of manslaughter, unless the negligence is so wanton as to make the killing murder.

The judgment of the Circuit Court is affirmed.