7774
STATE v. CAUSER.

1. MANSLAUGHTER.—There may be a conviction of involuntary manslaughter under an indictment for murder in usual form.
2. IBID.—The negligent handling of a gun resulting in the death of another will support a verdict for involuntary manslaughter.
3. EVIDENCE—RES GESTAE.—DECLARATIONS of a bystander in reference to a homicide made some distance from the place and several minutes after are not within the rule of *res gestae.*

Before SEASE, J., Sumter, October, 1909. Affirmed.

Indictment against Alexander Causer for murder of Jim Miller. Defendant appeals from sentence of involuntary manslaughter.

*Mr. L. D. Jennings,* for appellant, cites: *Verdict of involuntary manslaughter cannot be legally rendered under indictment for murder:* 63 L. R. A. 396; 21 Cyc. 765. *Only four possible verdicts under indictment for murder:* 49 S. C. 285.

*Solicitor P. H. Stoll,* contra, cites: *Indictment for murder includes involuntary manslaughter:* Crim. Code, 108; 8 S. C. 237; Hughes Cr. L. par. 27; 4 Bl. Com, par. 191; 3 Green. Ev. par. 120. *Offense need not be defined in exact words of elementary writers:* 24 S. C. 116. *Error not harmful should not be complained of:* 40 S. C. 349. *Res gestae:* 68 S. C. 304.

February 22, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The appellant was convicted of involuntary manslaughter under an indictment for the murder of Jim Miller with a loaded shotgun, and was sentenced to imprisonment for two years.

The testimony for the State tended to show that in Sumter county on September, 1909, the deceased, a boy about eleven years old, having borrowed a shotgun from the brother of the defendant, was out hunting with the defendant, who was about twelve years old, and two other small boys, Benjamin Miller and Raymond Causer; that defendant and deceased each wanted to carry the gun and they got into a scuffle about its possession; that defendant picked the gun up from the ground, put a shell in it and pointed it at the deceased, told him not to come any further, and upon the deceased advancing towards defendant, the gun was fired, the load entering the face at the base of the nose, penetrating the brain and causing death; that deceased exclaimed, "Oh, look, I shot Jim," and threw the gun down and ran off, and catching up with Benjamin Miller, who was present, told him not to tell how it was done.

The testimony for the defendant was to the effect that the deceased had the gun and was pointing it at the two smaller boys, when the defendant took the gun and was walking off with it, and that in some unexplained way it went off, killing the deceased who had walked up behind. The defendant and the deceased lived in the same neighborhood and were friendly.

The main points involved in this appeal are first, whether there may be a conviction for involuntary manslaughter under an indictment for murder in the usual form, and, second, whether the negligent handling of a loaded gun causing death will support a verdict for involuntary manslaughter. Both these questions were decided in the affirmative and against appellant's view in the cases of *State* v. *Gillian,* 66 S. C. 422, 45 S. E. 6; *State* v. *Tucker,* 86 S. C. 211; *State* v. *Revels,* 86 S. C. 213, and we are satisfied that the decisions were correct.

The charge of murder involves a charge of manslaughter and therefore necessarily involves both voluntary and involuntary manslaughter. The latter

includes homicide by the negligent handling of a loaded gun. The jury seems to have taken the view most favorable to the defendant.

We find no error in the exclusion of the testimony of Caroline Causer as to the declaration of Benjamin Miller made to her in reference to the homicide some distance from the place and several minutes after, as not within the rule of *res gestae*. There was testimony that the defendant had requested Miller not to tell how the shooting was done, and the Court may have concluded from the circumstances that the proposed declaration was a mere narrative of a past transaction. We see no abuse of discretion in determining that the testimony did not fall within the rule of *res gestae*. *State* v. *McDaniel,* 68 S. C. 310, 47 S. C. 384.

The judgment of the Circuit Court is affirmed.