## 9121

### STATE v. McCALLA.

#### (85 S. E. 720.)

HOMICIDE—MANSLAUGHTER—INVOLUNTARY MANSLAUGHTER.—One guilty only of ordinary negligence in handling a pistol, which results in the death of a bystander, may be convicted of involuntary manslaughter.

Before MOORE, J., Abbeville, February, 1915. Affirmed.

William Henry McCalla was convicted of manslaughter, and he appeals. Dismissed.

*Messrs. Graydon & Graydon,* for appellant, with leave of Court, review the cases in 66 S. C. 423; 86 S. C. 211, and 86 S. C. 213, and cite: 2 Hill 619; 10 Rich. 341; 28 S. C. 29; 2 Strob. 464; 55 S. C. 326; 2 Lewin 215; Foster's Criminal Law 302; 2 Bishop Crim. Law, secs. 642, 643, 744; Hawkins, P. C. (Curw. Ed.), p. 89, sec. 1; 21 Cyc. 760, 765; 66 S. C. 422.

*Mr. Solicitor Cooper,* for respondent.

June 28, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the sentence imposed upon the defendant, who was convicted of manslaughter. The question is whether a person is subject to conviction for involuntary manslaughter, when he is only guilty of ordinary negligence in handling a pistol which results in the killing of a bystander. The following cases show that the exceptions raising this question cannot be sustained. *State* v. *Gilliam,* 66 S. C. 419; 45 S. E. 6; *State* v. *Tucker,* 86 S. C.

FOOTNOTE.—As to homicide caused by negligence or carelessness, see notes in 3 L. R. A. 645, 61 L. R. A. 277 *et seq.,* 63 L. R. A. 292, 30 L. R. A. (N. S.) 458, 33 L. R. A. (N. S.) 403, 45 L. R. A. (N. S.) 559, 13 A. & E. Ann. Cas. 42.

211, 68 S. E. 523; *State v. Revels,* 86 S. C. 213, 86 S. E. 523.

The appellant's attorneys upon request were granted permission to review said cases, but this Court is satisfied that they embody sound propositions of law, and see no reasons for overruling the principles upon which they were decided. Appeal dismissed.

MR. JUSTICE WATTS, *dissenting.* The Judge's charge, in my opinion, was erroneous and prejudicial to the defendant. In accidental killing only is defendant guilty when he is guilty of gross negligence or criminal carelessness, and not ordinary negligence.