14322

STATE v. DIXON

(186 S. E., 531)

Before Sease, J., Greenville, May, 1935.

*Mr. Benjamin A. Bolt,* for appellant,

*Messrs. J. G. Leatherwood, Solicitor,* and *T. A. Wofford, Asst. Solicitor,* for the State.

June 29, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

The appellant was convicted, before Judge Sease and by a jury, of involuntary manslaughter, and appeals from the judgment and sentence thereon.

It appears from the record that on the night of April 14, 1935, the appellant, with Fred Williams and Marie Fitzgerald, was riding in an automobile on the highway between Greenville and Greer. Near the western limits of the Town of Greer the automobile ran off the highway into a ditch and struck a telephone pole. Fred Williams suffered injuries

from which he died. The defendant was charged with murder. On the trial the solicitor announced that he did not ask a verdict of more than involuntary manslaughter. There was testimony that all of the occupants of the car were drinking, and more or less under the influence of whisky.

The appeal stands upon eight exceptions which challenge alleged errors in the charge of the presiding Judge. In his brief appellant's attorney states the questions to be determined under five heads. We think they may be reduced to three, viz. :

1. Did the Judge correctly charge the degree and nature of the negligence it was necessary for the State to prove before it could ask a conviction?

2. Did his Honor err in charging that the violation of a statute is some evidence of gross negligence and wantonness?

3. Did his Honor charge on the facts?

The gravamen of the first complaint is that the presiding Judge instructed the jury that on a trial on a charge of homicide limited to involuntary manslaughter, if the death was caused by use of a deadly weapon it was only necessary for the State to prove that the deadly weapon was handled negligently and that this negligence was the proximate cause of the death; that if the death was not caused by a deadly instrumentality, it was necessary for the State to prove gross negligence on the part of the defendant. Appellant complains that the Court erred in saying there were two doctrines to apply in cases of involuntary manslaughter, that of mere negligence and that of gross negligence, dependent upon whether the instrumentality used was deadly or not. In other words, the appellant contends that the Court should have charged without modification his requests to the effect that before he could be convicted of involuntary manslaughter the State must prove him guilty of gross negligence.

We think there was no error on the part of the presiding Judge thereabout.

There is a well-defined line of cases in our own Court which hold that: "person causing another's death by negligent use of deadly weapon is guilty of involuntary manslaughter unless negligence is so wanton as to make killing murder." *State v. Quick,* 168 S. C., 76, 167 S. E., 19. *State v. Gilliam,* 66 S. C., 419, 45 S. E., 6. It was said in the *Gilliam case:* "Instruction that homicide caused by the negligent use of a pistol is manslaughter, is correct."

In the case of *State v. Revels,* 86 S. C., 213, 68 S. E., 523, the defendant was convicted of involuntary manslaughter. It appears that the death was caused by the firing of a loaded gun, for the possession of which the defendant and another man were contending. The Court held that the testimony warranted the conclusion that the death was caused by the negligent handling of a loaded gun, and that this fell within the definition of "involuntary manslaughter" as it was laid down in the case of *State v. Gilliam, supra.*

In the case of *State v. Tucker,* 86 S. C., 211, 68 S. E., 523, 524, it appears that the defendant, a boy, got hold of his father's pistol and was "projecting" around with it in the room with other children, one of whom he threatened to shoot. He testified that he was sitting down rubbing the pistol; that he did not know the pistol was loaded, or that his brother was in front of him when he pulled the trigger without meaning to do so. The appeal turned upon the allegation that the trial Judge charged "that criminal carelessness upon which a verdict of guilty of involuntary manslaughter could be based was to be determined by the standard of simple negligence or carelessness or mere inadvertence, whereas it is submitted that criminal carelessness involves that degree of lack of care amounting to recklessness or gross carelessness." The Court said: "The point raised has been expressly ruled against appellant's contention in the case of *State v. Gilliam,* 66 S. C. [419], 423, 45 S. E., 6, which sustained a charge like the one complained of, and held that a person who causes another's death by the negli-

gent use of a pistol or gun is guilty of manslaughter, unless the negligence is so wanton as to make the killing murder."

In the case of *State v. Causer*, 87 S. C., 516, 70 S. E., 161, the record discloses that the appellant, a boy of eleven years, was engaged with the deceased, another boy of about the same age, in a scuffle for the possession of a shotgun; the defendant picked it up and put a shell into it, pointed it at deceased, who was advancing on him, and told him not to come any further; the gun was fired, causing the death of the other lad. The defendant's defense was that the deceased was pointing the gun at the two small boys; that he took it away from him and was walking off with it when in some unexplained way it went off and deceased was shot. The Court said: "The main points involved in this appeal are, first, whether there may be a conviction for involuntary manslaughter under an indictment for murder in the usual form; and, second, whether the negligent handling of a loaded gun causing death will support a verdict for involuntary manslaughter. Both these questions were decided in the affirmative and against appellant's view in the cases of *State v. Gilliam*, 66 S. C. [419], 422, 45 S. E., 6; *State v. Tucker*, 86 S. C., 211, 68 S. E., 523, and *State v. Revels*, 86 S. C., 213, 68 S. E., 523, and we are satisfied that the decisions were correct."

In the case of the *State v. McCalla*, 101 S. C., 303, 85 S. E., 720, the Court's opinion is thus summarized in the syllabus: "One guilty of only ordinary negligence in handling a pistol, which results in the death of a bystander, may be convicted of involuntary manslaughter."

It is unnecessary to cite other authorities. There can be no question that it is the established rule in this jurisdiction that one who causes the death of another by the negligent use of a deadly weapon or instrumentality may be convicted of involuntary manslaughter.

Appellant seeks to find support for his contention in the cases of *State v. Clardy*, 73 S. C., 340, 53 S. E., 493, and

*State v. Davis,* 128 S. C., 265, 122 S. E., 770. But there is no comfort for him there. In the *Clardy case* the question was one of voluntary manslaughter. In the *Davis case* the only evidence in the record was to the effect that the injury which caused the death of the deceased—the wife of defendant—was caused by his stumbling over a chair as he attempted to carry her after she had fallen in an epileptic seizure. The ultimate of that decision is that it is error to say that in every case where death is due to simple negligence one may be convicted of manslaughter. In that case there was no deadly nor dangerous instrumentality.

In the present case the appellant contends that the trial Judge erred in modifying his requests to charge to the effect that defendant could be convicted only upon proof of gross negligence, by saying there were two rules applicable, to wit, that which holds that one may be convicted upon proof of negligence in the use of a deadly weapon which causes death; and one which requires proof of gross negligence where death is caused by an instrumentality, not inherently dangerous or deadly. In this case it is charged that the death was caused by the wrecking of an automobile driven by appellant in a reckless manner while he was under the influence of intoxicating liquors. We may say, parenthetically, that there was ample evidence to sustain the charge. It is conceded that the Court may instruct the jury that one who causes the death of another by the negligent use of a deadly weapon is guilty at least of involuntary manslaughter. In the light of the universal knowledge of the record of deaths upon the public highways caused by automobiles recklessly driven, and often by those under the influence of intoxicating liquors, it seems to us that a trial Court would be justified in holding that an automobile driven in such circumstances is a dangerous instrumentality, and he who drives it under such conditions is guilty at least of involuntary manslaughter. But that issue does not arise here. The trial Judge left it to the jury to say whether the automobile as driven by defendant was a dangerous instrumen-

tality, and whether defendant was guilty of simple or gross negligence, if guilty of anything. We think the charge in this respect was favorable to appellant and he has no ground of complaint thereabout.

In the case of *State v. Hanahan,* 111 S. C., 58, 96 S. E., 667, 672, it appears that a boy was knocked down and run over by an automobile driven by Hanahan, and by another car driven by Hardin. Mr. Justice Watts, delivering the unanimous opinion of the Court, said: "His Honor charged the law as made by the case of *State v. McCalla,* 101 S. C., 303, 85 S. E., 720. Chief Justice Gary says in this case: 'The appellant's attorneys were granted permission to review said cases (*State v. Gilliam,* 66 S. C., 419, 45 S. E., 6; *State v. Tucker,* 86 S. C., 211, 68 S. E., 523; *State v. Revels,* 86 S. C., 213, 68 S. E., 523); but this Court is satisfied that they embody sound propositions of law, and see no reasons for overruling the principles upon which they were decided.'"

Further in the *Hanahan case* Mr. Justice Watts said: "The jury had ample evidence to sustain the verdict that the defendants killed the deceased and were guilty of operating their automobiles without due care and precaution, but in violation of the statute law of the State and the ordinances of the City of Columbia, and that was the proximate cause of deceased's death, and the defendants' actions were a conscious disregard of other people's rights on the highways."

There could be used no more direct language than that to announce the principle of law that one who uses an automobile on the highways without due care and caution (which is but negligence) and in violation of the statutes of the State, or the ordinances of a town or city, and thereby causes the death of a person, is guilty of manslaughter.

In the case of *State v. Dickerson,* 179 S. C., 239, 184 S. E., 585, 586, the record discloses that Dickerson was convicted of involuntary manslaughter on an indictment which

charged him with murder of John Wesley Baswell, who was killed in an automobile wreck, and appealed. One of the grounds of appeal was that:

"His Honor erred in overruling defendant's motion for a directed verdict upon the ground that there was not sufficient evidence to go to the jury in support of the allegations of the indictment, that the defendant had recklessly killed the deceased and that there was no evidence of a reckless act on the part of the defendant.

"Specification of Error: It is respectfully submitted that under the law of this State a defendant in such a case as the one at bar cannot be convicted upon proof of simple negligence, but that the State has to prove gross negligence or recklessness, and that there was no proof that the defendant was guilty of negligent conduct, which was the proximate cause of the death of the deceased."

Mr. Justice Carter delivering the unanimous opinion of this Court, which affirmed the judgment of conviction, said: "What constitutes involuntary manslaughter was made clear to the jury. His Honor made it clear that in order for the defendant to be convicted of the charge, the jury must reach the conclusion that the death of the deceased was caused not from mere carelessness, but through criminal carelessness, which includes recklessness. After reviewing the testimony carefully  *  *  *  it is our opinion that the trial Judge could not, under the testimony, hold as a matter of law that the defendant was not guilty of criminal carelessness. * * * That was clearly a question for the jury.".

The position taken by the trial Judge in the case at bar was in accord with this ruling.

Mr. Chief Justice Stabler wrote a concurring opinion in the *Dickerson case* to this effect: "With regard to the charge of the trial Judge as to involuntary manslaughter, to which attention is called by Mr. Justice Carter in his opinion, see *State v. Hanahan*, 111 S. C., 58, 96 S. E., 667; and annotation in 16 A. L. R., 914. It seems, under the facts of the case

at bar as disclosed by the evidence, that the motion for a directed verdict was not only properly refused, but that the Court's instructions to the jury were more favorable to the defendant than he was entitled to." This language is especially applicable to the case at bar.

All exceptions relating to this phase of the appeal are overruled.

That the exception charging error to the trial Judge ■ for that he held that the violation of the statute of the State is some evidence of gross negligence and wantonness is shown by the *Hananhan case, supra,* to be without merit.

In the case of *Keel v. S. A. L. Ry.,* 108 S. C., 390, 95 S. E., 64, 65, the Court said: "The violation of a statute is negligence *per se,* but not willfulness or recklessness or wantonness *per se.* It is evidence of willfulness, wantonness, and recklessness, but it is for the jury to say. Exceptions 6 and 7 are overruled."

These exceptions do not appear in the record, but their appearance in the context would seem to imply that the Circuit Judge used some such language as that used by the trial Judge in the case at bar. He said: "If a person driving an automobile exceeds the speed limit at that place, if the State Highway has put the sign there, and that is for you to say, then he has violated the statute and that is negligence *per se,* and some evidence of gross negligence which is the want of slight care."

Throughout the trial of the case the able and experienced Judge constantly instructed the jury that these questions of fact and the inferences to be drawn from the evidence were solely for their consideration and determination. It is inconceivable that the language of the Court was harmful to appellant, or misunderstood, or misapplied by the jury. The charge of the Judge was fair and impartial; and every issue of fact was left to the jury for its determination.

The exception hereabout is overruled.

The appellant alleges that the Court charged on the facts when he said: "I have already charged you, gentlemen, that when a man violates the statute of law of the State that is negligence in itself and some evidence of wantonness and some evidence of gross negligence which is a want of slight care."

Properly construed, this language means that if a man violates the statute law of the State that is negligence *per se* and the violation of the law is, as a matter of law, some evidence of wantonness and gross negligence.

Nowhere does the Judge say, or intimate, that this man, the defendant, has violated the statute law; with meticulous care time and again in his charge he had admonished and instructed the jury that they were sole judges of the facts, and that he was prohibited from even intimating an opinion of the force and effect of the evidence.

The whole charge must be taken together, and we feel assured that the jurors were not misled to the injury of appellant by the language complained of.

All of the exceptions have been considered and are overruled.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER concur.

MESSRS. JUSTICES BAKER and FISHBURNE concur in result.