14605

STATE v. STAGGS

(195 S. E., 130)

October, 1936.

*Messrs. Hoke B. Black, J. Allen Lambright* and *L. G. Southard,* for appellant,

*Messrs. Robert T. Ashmore, Solicitor, T. A. Wofford* and *C. G. Wyche,* for respondent.

January 25, 1938.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The appellant, Wade Hampton Staggs, was tried upon an indictment, in which he was charged with murder, growing out of an automobile collision, resulting in the death of Mrs. Mary Hinson. He was found guilty of involuntary manslaughter, and has appealed to this Court upon exceptions assigning error to the trial Judge in his instructions to the jury upon the degree and nature of the negligence which it was necessary for the State to prove, before it could ask for a conviction on the latter count.

The accident occurred about 7 o'clock on the afternoon of August 8, 1936, on a public highway near Gowansville, in Greenville County, at which time the deceased, Mrs. Mary Hinson, was returning to her home in an automobile being driven by her son. When within about two miles of her

home, an automobile coming from the rear, at a high rate of speed, sideswiped the car in which she was riding, by striking its front fender, in consequence of which it got out of control, left the pavement, and after proceeding from ten to twenty feet on the shoulder of the highway, passed over a drainage ditch on the right side of the road and turned over, pinning Mrs. Hinson beneath it and causing her death.

The testimony for the State tended to show that the colliding car at the time of the accident was driven by the defendant, and that it was traveling at a speed of about seventy miles per hour. The defendant did not stop his car when the accident occurred, and upon the trial denied all knowledge of it. He and his companion in the car both testified that there was no collision, and that the car driven by the defendant did not strike or touch the car occupied by the deceased. However, this contention has been settled by the verdict of the jury.

The appellant contends that the Court erred in charging the jury that ordinary negligence is sufficient to sustain a verdict of involuntary manslaughter, and that the Court should have instructed the jury that before one could be held guilty of involuntary manslaughter the State must show that the defendant was driving his automobile in such a manner as to indicate either a willful or a wanton disregard for the safety of other persons on the highway. In other words, that the degree of negligence proved must be more than simple negligence, and should include recklessness.

By referring to the charge, we find that the trial Judge, on the question of involuntary manslaughter, instructed the jury as follows: "To constitute manslaughter the negligence of the party, of the one charged therewith must be of a higher degree than is required to establish ordinary negligence in a civil case. You should take into consideration the situation of the parties, the character of the instrumentality handled and other circumstances which may con-

vert an act otherwise one of simple negligence into gross or reckless negligence to justify a conviction of manslaughter or even murder."

Immediately afterwards this instruction was given: "But if one is using a dangerous instrumentality negligently, and death results to a human being, that would be a foundation for manslaughter."

In the next paragraph, his Honor fully defined negligence in these words: "I charge you that negligence is the failure to observe due care, or is the doing of what an ordinarily prudent person would not do under the particular circumstances, or the failing to do that which an ordinarily prudent person would do under the circumstances. If the defendant was guilty of conduct of that kind, of the kind that I have described, and while using a dangerous instrumentality death results as a consequence of that, then that would be a foundation for manslaughter, which, as I have endeavored to point out to you, is a very different thing from murder."

The issue presented by this appeal is concluded by the recent case of *State v. Dixon,* 1936, 181 S. C., 1, 186 S. E., 531, 532, where many previous cases bearing upon this question are reviewed, and in which it was announced: "There can be no question that it is the established rule in this jurisdiction that one who causes the death of another by the negligent use of a deadly weapon or instrumentality may be convicted of involuntary manslaughter." And it was further declared: "That one who uses an automobile on the highways without due care and caution (which is but negligence), and in violation of the statutes of the State, or the ordinances of a town or city, and thereby causes the death of a person, is guilty of manslaughter."

In view of the holding in *State v. Dixon, supra,* the rule of *stare decisis* must prevail. From a consideration of the principle announced in the *Dixon case* it would appear that by the first-quoted instruction given

by the trial Judge to the jury, the defendant received the benefit of a more favorable charge than he was entitled to.

Complaint is made that the trial Judge practically told the jury that an automobile is a dangerous instrumentality; that this question, under the facts and circumstances, should have been left to the determination of the jury. We think there is no merit in this contention.

The question of the character of the instrumentality was left to the determination of the jury, as is shown by the quoted charge.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.