16935

THE STATE, Respondent v. ROBERT J. PHILLIPS, Appellant

(84 S. E. (2d) 855)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Hubert E. Nolin, County Solicitor,* of Greenville, *for Respondent.*

December 2, 1954.

TAYLOR, Justice.

Appellant, Robert J. Phillips, was convicted of the offense of reckless homicide in the County Court for Greenville County at the November, 1953, term of such Court, and appeals upon exceptions which present two questions, but this Court deems it necessary to pass only upon the question of whether or not the County Court of Greenville has jurisdiction to try a defendant upon an indictment charging violation of Section 46-341 of the 1952 Code of Laws for South Carolina, commonly referred to as the offense of reckless homicide.

Under Article 5, Section 1, Constitution of the State of South Carolina, 1895, and under Section 15-612 of the Code of Laws for South Carolina, 1952, county courts shall have jurisdiction to try criminal cases except cases of murder, manslaughter, rape or attempt to rape, arson, common law burglary, bribery, or perjury. Such offenses are also excluded from the jurisdiction of the County Court of Greenville under Section 15-655, Code of Laws for South Carolina, 1952.

For a history of the crime of involuntary manslaughter, see the following cases: *State v. Barnett,* 218 S. C. 415, 63 S. E. (2d) 57, and the cases therein cited; *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825; *State v. Staggs,* 186 S. C. 151, 195 S. E. 130; *State v. Dixon,* 181 S. C. 1, 186 S. E. 531; *State v. Dickerson,* 179 S. C. 239, 184 S. E. 585; *State v. Portee,* 122 S. C. 298, 115 S. E. 238; *State v. Martin,* 122 S. C. 286, 115 S. E. 252; *State v. Hanahan,* 111 S. C. 58, 96 S. E. 667.

From the foregoing cases, it has been determined that in this State an individual may be guilty of involuntary manslaughter when death arises out of the negligent operation of a motor vehicle, the said motor vehicle being considered a dangerous instrumentality. This doctrine was derived from an analogy between the negligent use of a motor vehicle and the negligent handling of a deadly weapon. *State v. McLaughlin,* 208 S. C. 462, 38 S. E. (2d) 492; *State v. Quick,* 168 S. C. 76, 167 S. E. 19; *State v. McCalla,* 101 S. C. 303, 85 S. E. 720; *State v. Badgett,* 87 S. C. 543, 70 S. E. 301; *State v. Causer,* 87 S. C. 516, 70 S. E. 161; *State v. Tucker,* 86 S. C. 211, 68 S. E. 523; *State v. Revels,* 86 S. C. 213, 68 S. E. 523; *State v. Gilliam,* 66 S. C. 419, 45 S. E. 6.

It is without question that such Courts shall not be invested with jurisdiction to try cases of murder, manslaughter, etc., as it is clearly beyond the power of the Legislature to so provide either by express terms or implication; and the Legislature in adopting the "reckless

homicide" statute, in our opinion, had no intention of so doing. The following language was used in *State v. Barnett, supra* [218 S. C. 415, 63 S. E. (2d) 62], which is some indication of the Court's reasoning in such cases:

"It is apparent from the foregoing that we have a rather anomalous situation in this State. In automobile homicide cases, not involving the elements of murder, the solicitor may prosecute the accused for reckless homicide, in which event the State must show recklessness, or he may seek a conviction for involuntary manslaughter, in which event the State is only required to show simple negligence."

The elements of manslaughter and reckless homicide are the same with the exception of the degree of negligence required and the punishment. In order to sustain a conviction of involuntary manslaughter, the State need show only simple negligence, but something more than the mere failure to exercise due care is required to sustain a charge of reckless homicide. The punishment for involuntary manslaughter is not more than three years, while in reckless homicide, the punishment may be five years imprisonment, a fine of five thousand dollars, and revocation of defendant's driver's license for a period of five years. In *State v. Causer, supra,* this significant language is used:

"The main points involved in this appeal are, first, whether there may be a conviction for involuntary manslaughter under an indictment for murder in the usual form; and, second, whether the negligent handling of a loaded gun causing death will support a verdict for involuntary manslaughter. Both these questions were decided in the affirmative and against appellant's view in the cases of *State v. Gilliam,* 66 S. C. [419] 422, 45 S. E. 6; *State v. Tucker,* 86 S. C. 211, 68 S. E. 523; *State v. Revels,* 86 S. C. 213, 68 S. E. 523, and we are satisfied that the decisions were correct. The charge of murder involves a charge of manslaughter, and therefore necessarily involves both voluntary and involuntary manslaughter. The latter includes homicide by the negligent handling of a loaded gun."

It can hardly be logically contended that the Legislature intended to create a lesser crime than manslaughter and thereby give to the county courts jurisdiction of the crime when the so-called lesser crime differs only in that of negligence and punishment and yet requires a greater degree of negligence and provides a greater punishment.

While we are unable to find any decision in this State directly on the question and none have been cited, we are of the opinion that the framers of the Constitution intended that such crimes as murder, manslaughter, and the lesser degrees of such crimes arising out of homicides should be tried in the Court of General Sessions, and that the county court lacks jurisdiction to try one charged with the violation of Section 46-341, Code of Laws for South Carolina, 1952; and that the judgment and sentence appealed from should be set aside and It Is So Ordered.

Reversed.

STUKES, OXNER and LEGGE, JJ., and J. FRANK EATMON, Acting Associate Justice, concur.