### STATE v. BADGETT.

Manslaughter—Negligence.—The negligent acts of one shot by another in the negligent use of a firearm to relieve him of responsibility for the shooting must not be the direct and natural result of the negligent use of the firearm, nor must they operate in conjunction with such negligent use to produce the result.

Before DeVore, J., Spartanburg, November, 1909. Affirmed.

Indictment against Tom Badgett for murder of Brezina Suber.   Defendant appeals.

*Messrs. R. B. Paskay, Stanyarne Wilson* and *H. K. Osborne,* for appellant. No citations.

*Solicitor J. C. Otts,* contra, cites: *Defendant is responsible for a death caused by his negligence:* 58 S. C. 218; 92 Am. Dec. 417; Whar. on Hom. sec. 458; 1 Cox C. C. 97; 3 Id. 439; 2 Id. 141; 12 Id. 355; 125 Ill. 584.

February 23, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Under an indictment for the murder of Brezina Suber defendant was found guilty of manslaughter and sentenced to ten years at hard labor in the penitentiary.

The testimony tended to show that late in the evening of November 5, 1909, in Spartanburg county defendant went to the house of Kate Hunter with whom her daughter Hattie Drummond lived and met the deceased there. Defendant was intoxicated and had a pistol in his hand, passed the deceased at or near the door, and after entering the house and asking "who is in here," began shooting his pistol, frightening Kate Hunter and her daughter which caused them to flee from the house. Two of the balls from defendant's pistol struck the head of the bed and one struck the wall of the room. The deceased caught defendant by the pistol arm and the fourth shot struck and killed her. Defendant testified: "She grabbed my arm and turned it down and I did not know she was shot until she cried out she was shot." Defendant further testified that he was purposely shooting away from the parties in the house, not intending to shoot anyone, and that if deceased had not grabbed his arm she would not have been shot.

The defendant's third request to charge was as follows: "That the jury must be further satisfied beyond a reasonable doubt that the death was the direct result of the gross negligence of defendant in order to find him guilty of man-

slaughter for such gross negligence. In order for a result to be a direct result it must have occurred without intervention or act of another party; and if it would not have occurred without such intervention or act of another party, it cannot be said to have been a direct result."

To which the Court responded as follows: "I charge you that, Mr. Foreman and gentleman, and in connection with it this: In order for a result to be a direct result it must have occurred without intervention or act of another party provided that intervention or act of another party was negligence and carelessness in the party that committed the act. I charge you that in connection with this third request here."

Appellant's only exception alleges error in the charge in this: "It is not necessary, in order to exempt the defendant on trial, that the intervention or act of another party should be negligence and carelessness of such party; because he was excusable if such responsible intervening act of the other party was due either to her wilfulness, or to her best effort to avoid an accident, or to her carelessness; and his Honor erred in thus charging in effect that in order for him to be excused she must have been guilty of carelessness."

The charge is not very clear. We are not sure whether the expression "carelessness in the party that committed the act" refers to the party committing the act charged in the indictment or the party committing the act of intervention. But in either view there is no reversible error.

The request to charge should have been refused for two reasons: (1) The *negligent* handling of a loaded gun or pistol causing death is sufficient to support a verdict of manslaughter. *State* v. *Gillian,* 66 S. C. 422, 45 S. E. 6; *State* v. *Tucker,* 86 S. C. 211; *State v. Causer,* manuscript decision. (2) Under the charge as requested any act of another intervening without which the result would not have happened would be sufficient to exonerate the defendant although his criminal negligence continued to operate throughout to produce the result. If the intervening acts

were not of themselves independent and efficient causes, but were the direct and natural result of the defendant's negligence, or operated in conjunction with defendant's negligence to produce the result, such acts could not operate to prevent the result from being attributed to the primal and continuing negligence of defendant. In modifying the request the Court probably intended to instruct that if the intervening act of another was itself the result of defendant's negligence, there would be no break in the chain of causation originating with defendant's negligence. In no view of the testimony could it be said that the act of the deceased in attempting to prevent the lawless act of the defendant was the independent and efficient cause of her death. Hence, there was no prejudicial error even though the modified charge failed to clear the requested instruction of the error it contained. *Barfield* v. *Coker,* 73 S. C., 181, 53 S. E. 170.

Moreover, in response to defendant's first request to charge and in the charge as a whole, the Court instructed the jury clearly that if the deceased's negligence caused her own death the defendant would not be liable, but if the defendant's negligence caused the death of the deceased he would be responsible.

The judgment of the Circuit Court is affirmed.