## 11412

### STATE v. VILLEPIGUE

#### (121 S. E., 258)

1. CRIMINAL LAW—MOTION FOR DIRECTED VERDICT REFUSED WHERE EVIDENCE TENDS TO ESTABLISH GUILT.—The refusal of a motion for a directed verdict is not erroneous as a matter of law, if there is any competent evidence tending to establish guilt.

2. CRIMINAL LAW—INSTRUCTION HELD NOT TO INTIMATE COURT'S OPINION OR SUGGEST INTENT TO COERCE VERDICT.—After the Court had refused to direct a verdict, an instruction that it would be unfortunate to have a mistrial, as the jury would be shifting their duty to some other jury, *held* not to convey an intimation of the Court's opinion upon the merits nor carrying any suggestion of an intent to coerce a verdict.

Before DeVore, J., Kershaw, Fall Term, 1922. Affirmed.

K. S. Villepigue was convicted of violating the prohibition law, and he appeals.

· *Messrs. I. C. Hough* and *Cole L. Blease,* for appellant, cite: *Evidence insufficient to support verdict of guilty:* 116·S. E., 926; 116 S. E., 927; 119 S. E., 9.

*Messrs. A. F. Spigner, Solicitor,* and *Mendel L. Smith,* for the State, cite: *Court will consider sufficiency of evidence to sustain verdict:* 118 S. E., 623. *Responsibility for liquor stored in residence properly charged:* 49 S. C., 438; 101 S. C., 277; 89 S. C., 136; 123 S. C., 47. ·

. February 5, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

The defendant was convicted of a violation of the prohibition law and sentenced to imprisonment for a term of one year.· From the judgment pronounced, he appeals upon two exceptions.

The first assigns error in the refusal of the presiding Judge to grant the defendant's motion for a directed verdict based upon the ground that the evidence was "insufficient upon which to convict." Waiving the objection that the exception is too general for consideration and applying the well settled rule that the refusal of such a motion is not erroneous as a matter of law if there is any competent evidence reasonably tending to establish the guilt of the accused, we are constrained to overrule the exception. It is for the Judge to determine the existence of such evidence; the effect or force thereof is for the jury. There was competent evidence, a review of which would serve no useful purpose, reasonably tending to establish the defendant's guilt in the case at bar, and we think the learned trial Judge committed no error in submitting the case to the jury.

The second exception imputes error to the presiding Judge in charging as follows:

"Now, gentlemen, before you go back in your room, I will state this to you: It is a very unfortunate thing to

have a mistrial in a case in this Court, especially a case like this, where it depends entirely almost on the evidence; where it is a question of fact. Whenever a jury fails to agree, they shift their duty to some other 12 men. If you do not agree in this case, some other 12 men have got to perform that duty."

It is suggested that this instruction was erroneous and prejudicial in view of the fact that the Judge had refused to direct a verdict and had thus himself passed upon the sufficiency of the facts to convict. The objection is hypercritical. If submission of a case to a jury after refusing a party's motion to direct a verdict may soundly be interpreted as an intimation of an opinion by the trial Judge that the jury's verdict should go against such a movant, obviously no verdict in a case of this character would ever be free from the imputation that it was unduly influenced by the trial Judge's ruling. We think the instruction complained of neither conveyed an intimation of the Judge's opinion upon the merits nor carried any suggestion of an intent to coerce a verdict or of a disposition unduly to influence the jury's deliberation in any way. In the aspect of coercion, much stronger admonitions have been sustained by this Court. *State v. Jones,* 86 S. C., 17; 67 S. E., 160. *State v. Drakeford,* 120 S. C., 400; 113 S. E., 307. *Coleman v. Stevens* (S. C.) 117 S. E., 305. The exception must be overruled.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.