### 12135

#### STATE v. WALKER

#### (136 S. E., 215)

1. CRIMINAL LAW—DIRECTED VERDICT WAS PROPERLY REFUSED, WHERE TESTIMONY IF BELIEVED SUSTAINED CONVICTION.—Where testimony was sufficient to sustain conviction if believed, motion for directed verdict was properly refused.

2. CRIMINAL LAW—ERRORS RELATING TO COUNT ON WHICH THERE WAS NO CONVICTION ARE IMMATERIAL.—Alleged errors as to count on which there was no conviction are immaterial if they exist.

3. CRIMINAL LAW—ANY IRREGULARITY IN DUPLICATING CHARGE IS NOT PREJUDICIAL WHERE CONVICTION IS ONLY ON ONE COUNT.—Any irregularity in duplicating charge in different counts cannot have been prejudicial to defendant where there was conviction on only one count.

4. CRIMINAL LAW—FAILURE TO CHARGE ON NECESSITY OF WHISKY CONTAINING MORE THAN 60 PER CENT. ALCOHOL HELD NOT ERRONEOUS, IN ABSENCE OF REQUEST.—Failure of Court to charge that jury must have been satisfied that whisky contained more than 50 per cent. alcohol *held* erroneous, in absence of request therefor.

Before JOHNSON, J., Greenville, March, 1926. Affirmed.

Eugene Walker was convicted of receiving, accepting, and having liquor in his possession, and he appeals.

The ninth exception directed to be reported is as follows:

"(9) Because the Court erred in failing to charge the jury that they must be satisfied beyond all reasonable doubt that the small quantity of whisky in question contained more than 50 per centum by volume of alcohol, and if this had not been shown by the State, the defendant was entitled to an acquittal."

*Mr. H. P. Burbage,* for appellant.

*Mr. J. G. Leatherwood,* for respondent.

January 5, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment for violation of the prohibition law. The defendant was charged under four counts with: (1) Transporting and having in possession; (2) receiving and accepting for unlawful use; (3) receiving, accepting, and having in possession; (4) transporting and conveying more than one gallon. He was found guilty under the third count and appeals.

The first exception complains of error in allowing the Solicitor to cross-examine his own witness. The record shows that the Solicitor asked the Court to allow him to cross-examine a witness produced by him upon the ground that he was a hostile witness. The Court declined the request of the Solicitor, to which the Solicitor acquiesced. The exception therefore is overruled.

The second exception complains of error in refusing defendant's motion for a directed verdict. The testimony was ample to sustain a conviction, if believed. This exception is overruled. The third, fifth, and seventh exceptions relate to the charge of storing and transporting. Inasmuch as the conviction upon the third count alone, "receiving, accepting, and having in possession," amounted to an acquittal of the charges of storing and transporting, the errors charged have become immaterial, if they exist. These exceptions are overruled.

The fourth exception complains of error in not granting a new trial upon the ground that both counts 1 and 3 charged the same offense, "having in possession." Inasmuch as the defendant was convicted only under count 3, if there had been any irregularity in duplicating the charge, which is not conceded, it could not possibly have prejudiced the defendant. This exception is overruled. The eighth exception was abandoned at the hearing.

The ninth exception, which will be reported, cannot be sustained for the reason that if it be correct law, and we do

not concede that it is, no request to charge to that effect was preferred by the defendant.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.     .         .

MESSRS. JUSTICES WATTS, BLEASE, and STABLER, and MR. ACTING ASSOCIATE JUSTICE PURDY concur.