13359

STATE v. PRINCE

(162 S. E., 777)

116

*Mr. H. C. Miller,* for appellant,

*Mr. L. W. Harris, Solicitor,* for respondent.

March 1, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, Mrs. Joe Prince, and one Lewis Fuller were jointly indicted and tried for violation of the prohibition law. Mrs. Prince was convicted of having in possession alcoholic liquors, and was sentenced to imprisonment for a period of six months. She appeals and complains that the trial Judge committed error (1) in overruling her motion for a directed verdict, made upon the ground that there was "not sufficient evidence to warrant a conviction," and (2) in failing to strike from the record certain testimony admitted over her objection.

The Court's refusal to grant the motion for a directed verdict is made the basis of four exceptions, but as they raise but one question we shall consider them together. There is little dispute as to the facts. The sheriff of Anderson County, armed with a search warrant and accompanied by several deputies, went to the place of residence of one Joe Prince and his wife, the appellant, on the afternoon of October 22, 1931, for the purpose of making a search of the premises for contraband liquors; Prince himself was not at home, but the appellant was there, as were Fuller and several others. The sheriff testified that Mrs. Prince, before the search was made, told him, in response to a question, that if any whisky was on the premises, she did not know anything about it; but that later, when sixty-five gallons were found by the officers in one of the rooms of the house, she stated that she knew it was there, that Fuller had brought it a short while before the officers came, and had put it in the house against her wishes. Mrs. Prince, on her own behalf, testified that, while she knew, at the time the officers came, that the whisky was in the house, she had not consented to its being put there, but that Fuller had carried it in without her permission and over her protest. In reference to the sheriff's statement that she denied all knowledge of the presence of any whisky on the premises, she testified that he asked her where her husband's liquor was and she told him that Joe did not have any; that at the time several of her kin people were visiting her, but she did not have any one to send out to report to the sheriff about the whisky; and that, in addition, it had been put there only a few minutes before the officers arrived.

"The general rule is that if there is any evidence adduced by the State tending to prove the defendant's guilt, the case must be submitted to the jury." *State v. Gellis*, 158 S. C., 471, 155 S. E., 849, 855. See, also, *State v. Johnston*, 149 S. C., 195, 146 S. E., 657. In the case at bar, there was testimony tending to prove the charge as laid

in the indictment, and the trial Court properly overruled the motion for a directed verdict.

The contention, made by Exception 2, that the appellant being a married woman, living with her husband, it was not incumbent upon her to explain the presence of the whisky in her home, whether her husband was present or not, is without merit. In *State v. Burns,* 133 S. C., 238, 130 S. E., 641, 643, in which Burns and his wife were both convicted of storing and keeping contraband liquors in the place of their residence, this Court, on appeal, said: "If the whisky was stored in the place of Burns' residence, as the evidence for the State tended to establish, the inference of fact that he knew of the whisky and was a party to the act of storing, and that both he and his wife participated 'freely and deliberately' in the act, is clearly warranted. If so, obviously both he and his wife could be jointly tried for and convicted of the offense charged. See *State v. Collins,* 1 McCord, 355; *State v. Montgomery,* Cheves, 120."

It is undisputed, in the present case, that the husband was absent at the time the search was made, and there is ample testimony tending to show that the premises were in charge of the wife. The issue, therefore, was whether it was by her consent, or over her protest, that the liquors were put in the house. This question, along with that of whether appellant was in charge of the premises at the time, was submitted to the jury under proper instructions from the Court that if they found that she was not in charge of the premises, or that the liquors were taken into her home without her consent and against her wishes, they should find her not guilty. More than this, under the testimony, she could not expect or demand.

When Mrs. Prince was on the witness stand and was being cross-examined by the solicitor, the following took place:

"Q. Where do you live? A. I live at Rock Mill.

"Q. You go from here out to the Dobbin Bridge Road, down by that Church? A. Yes, sir.

"Q. Down on the banks of the river there is a regular liquor hole, isn't it? A. Why, they say it is. I never go down on the river.

"Mr. Miller: Your Honor, we object now, referring to her community as a liquor hole. It is prejudicial and it has no effect on that jury.

"The Solicitor: With this testimony coming out as it has and with this fellow Fuller and the gang there and she says this is a liquor hole out there. I think it is relevant.

"The Witness: I said on the river. We don't live on the river.

"The Solicitor: And she living there under those conditions, I think that is relevant to go to the jury, as to whether or not she is in this business or not. It is what a person who would or would not live under those conditions would do."

After further remarks by counsel for appellant, the trial Judge ruled that the solicitor could not pursue further that particular line of examination.

It is contended that the Court committed error in failing to strike out, after objection made, the question of the solicitor whether "down on the banks of the river there is a regular liquor hole," and the answer thereto, and in failing to caution the jury not to consider this testimony, as well as the remarks of the solicitor made in their presence in connection therewith; the specification of error being that this line of cross-examination was a direct attack on appellant's character, which she had not put in issue.

This assignment of error cannot be sustained. When the trial Judge ruled that the solicitor should not question the witness further along that line, her counsel made no motion to strike out the objectionable question and the answer thereto, which he should have done if he desired them stricken from the record; and that would apply with equal force to the remarks made by the solicitor. Further, it does not ap-

pear that the question with reference to a regular liquor hole down on the banks of the river had the effect contended for by appellant. The witness herself testified that she did not live on the river and never went down there. Therefore, it seems that the solicitor failed to connect her with that community. For these reasons, this Court could not properly reverse the judgment on that ground.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.