13724

STATE v. MINOR

(171 S. E., 737)

Mr. *Wm. M. Smoak,* for appellant,

Mr. *B. D. Carter,* Solicitor, for the State,

November 27, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The appellant, Rachael Minor, and her husband, Charlie Minor, were indicted in the Court of General Sessions of Aiken County for violation of "the prohibition laws." The indictment contained two counts. The first charged "storing of contraband liquors, and the second "having in possession" contraband liquors. Charlie Minor entered a plea of guilty.

The appellant having pleaded not guilty, she was tried by a jury, who returned a verdict of guilty on the second count, and she was sentenced by the presiding Judge, Hon. M. M. Mann, to hard labor in the State Penitentiary.

There are twelve exceptions in the appeal to this Court, but appellant's attorney concedes that these raise but two questions, and he has so argued the exceptions in his brief.

By ten of the exceptions, it is contended that the appellant should not have been convicted, and the trial Judge

should have directed a verdict of acquittal in her behalf, on the ground that the alleged crime was committed in the presence of the husband of the appellant, and, under the law, there was a presumption that she acted under his coercion, and therefore she was not legally responsible for violation of the law.

The jury were correctly instructed to the effect that, since the offense of the appellant, if any, had been committed in the presence of her husband, there was a presumption that she had violated the law under the coercion of the husband, and, under those circumstances, she could not be found guilty, but that the presumption was a rebuttable one, depending upon the evidence in the case, and, if the evidence showed that the appellant was acting independently of her husband, and not under coercion by him, then she was responsible for her act under the law. See *State v. Burns,* 133 S. C., 238, 130 S. E., 641; *State v. Mc-Millan,* 144 S. C., 121, 142 S. E., 236; and *State v. Prince,* 165 S. C., 115, 162 S. E., 777.

There was some testimony in the case to show that the appellant, in the handling of the intoxicating beverages, on which the indictment was based, acted independently of her husband, and that there was absolutely no kind of coercion on his part. Accordingly, the presiding Judge properly submitted the question of the husband's coercion to the jury for their determination.

The other two exceptions charge error in the admission of evidence showing that, on occasions previous to the time alleged in the indictment, officers, in searching the home of the appellant and her husband, had found contraband liquors, and evidences of the use of such liquors therein. The evidence was admissible on the charge of "storing" contained in the indictment. See *State v. Browning,* 154 S. C., 97, 151 S. E., 233. The fact that the appellant was acquitted on that charge does not now make the evidence incompetent, and cannot result in a reversal of her conviction on the other charge of having in possession.

The exceptions are overruled, and the judgment below is affirmed.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE COTHRAN concur.