15703

STATE v. BROWN
(32 S. E. (2d), 825)

516

*Messrs. Lee and Shuler,* of Kingstree, S. C., and *Messrs. McEachin and Townsend,* of Florence, S. C., appear of record as Counsel for Appellant.

*Mr. Frank A. McLeod,* Solicitor, of Sumter, S. C., appears of record as Counsel for The State, Respondent.

January 17, 1945.

Mr. Associate Justice Fishburne delivered the unanimous Opinion of the Court:

The defendant was tried and convicted of the crime of involuntary manslaughter. From the judgment pronounced, he has appealed.

The appellant seeks a reversal of the judgment upon two grounds, namely, (1) Error of the Court in denying appellant's motion made at the close of all of the evidence for a directed verdict of acquittal; and (2) error of the Court in its charge to the jury.

Does the evidence afford a reasonable inference of guilt and warrant the verdict? If it does, the case was properly submitted to the jury.

On the night of October 2, 1942, appellant, with one companion (who did not testify in the case) was driving an automobile—a V-8 Ford Sedan—on a striaght stretch of paved road between Kingstree and Hemingway. Approaching him was a Ford Pick-up truck, driven by Mr. Eaddy, who was alone. Mr. Eaddy was headed toward Kingstree, and appellant was going toward Hemingway. The two vehicles collided, resulting in the death of Eaddy.

At the time of the collision, the truck driven by Eaddy was on its right of the center of the highway; and the Ford Sedan driven by appellant was across the highway to its left, and was completely on that side, about 12 inches from the white stripe marking the center of the road.

Evidence for the State tended to show that it was a head-on collision; the front wheels of the two vehicles were locked together, and some of the witnesses described the collision as "tire to tire." The Eaddy car had been forced three feet backward, and its two front tires were ripped and mangled. The left front tire on appellant's car was flat and had a hole in its side wall.

The defense interposed was accident or misadventure. The appellant testified that just as he came within a short distance of the approaching truck of Mr. Eaddy, his left front tire suddenly went flat, swerving the car to the left, across the center line of the road, and that he collided with the truck before he could get back on the right-hand side of the center of the road. His was an old car, with old tires, and he had never driven it before. He said that the car jumped to the left across the center line so quickly that there was no time to apply the brakes. When asked how far the Ford sedan traveled from the time the left front tire went flat until he hit the truck, appellant estimated the distance to be about the space of a car and a half; but later stated that he thought it was farther than that.

The Act regulating the operation of vehicles upon the highways of this State provides, among other things, that upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway. South Carolina Code, Vol. I, subsection 6 of Section 1616, Page 907. There are certain exceptions to this provision not applicable here. Subsection 7 of the same section of the Code provides that drivers of vehicles proceeding in opposite directions shall pass each other to the right, and that each driver shall give to the other at least one-half of the main traveled portion of the roadway, as nearly as possible. Subsection 33 declares a violation of the foregoing provisions to be a misdemeanor, and fixes the punishment therefor.

It is the established rule in this jurisdiction that one who causes the death of another by the negligent use of a deadly weapon or instrumentality may be convicted of involuntary manslaughter. And it is further declared that one who uses an automobile on the highways without due care and caution (which is but negligence), and in violation of the statutes of the State, or the ordinances of a town or city, and thereby causes the death of a per-

son, is guilty of manslaughter. *State v. Staggs*, 186 S. C., 151, 195 S. E., 130; *State v. Dixon*, 181 S. C., 1, 186 S. E., 531; *State v. Hanahan*, 111 S. C., 58, 96 S. E., 667.

We think there was evidence for the State tending to show that the defendant had violated the quoted provisions of the statute. The responsibility for a death is sometimes made to depend on whether the unlawful act is *malum in se* or *malum prohibitum*. The authorities agree, however, without regard to this distinction, that if the act is a violation of a statute intended and designed to prevent injury to the person, and is in itself dangerous, and death ensues, the person violating the statute is guilty of manslaughter at least. The evident purpose of our statute is to prevent accidents and to safeguard persons from death or serious bodily injury, and the reason for it is that one driving upon the prohibited side of the road is apt at any time and especially at night, to cause injury or death by colliding with a driver who is occupying his own proper and lawful side of the road.

The violation of a statute, if it is the proximate or contributing cause of an injury, constitutes negligence *per se*. So that driving on the left of the center of the road is an offense *per se* if injury or death results; testimony showing such violation and resulting death would ordinarily be sufficient to warrant the submission of the case to the jury. Such evidence is not necessarily conclusive, but may be rebutted not only by contradictory evidence, but also by evidence so explaining the conditions and circumstances under which the alleged offense was committed as to convince the jury that the person charged is not guilty.

It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury, and that which raises only a suspicion or possibility of the fact in issue; and it may readily be conceded that this is one

of the border line cases. But, viewing the evidence, and the inferences which may reasonably be drawn therefrom, in its most favorable light for the State, which is the accepted position on a motion to direct a verdict—*State v. Turner*, 117 S. C., 470, 109 S. E., 119; *State v. Quinn*, 111 S. C., 174, 97 S. E., 62, 3 A. L. R., 1500—we are of the opinion that it is of sufficient probative value to warrant its submission to the jury.

The general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. *State v. Roddey*, 126 S. C., 499, 120 S. E., 359; *State v. Villepigue*, 127 S. C., 392, 121 S. E., 258; *State v. Walker*, 138 S. C., 293, 136 S. E., 215.

The office and function of the Court when considering a motion for a directed verdict in favor of the defendant, is, not to pass upon the weight of the evidence, but to determine its sufficiency to support the verdict. Where there is any evidence, however slight, on which the jury may justifiably find the existence or the non-existence of material facts in issue, or if the evidence is of such character that different conclusions as to such facts reasonably may be drawn therefrom, the issues should be submitted to the jury. *State v. Prince*, 165 S. C., 115, 162 S. E., 777.; *State v. Gellis*, 158 S. C., 471, 155 S. E., 849; *State v. Rush*, 129 S. C., 43, 123 S. E., 765.

The testimony for the prosecution strongly tended to show that at the time of the collision, appellant's car did not strike the truck of the deceased diagonally, as it might be supposed to have done if the collision had been caused by a sudden swerving to the left. The jury was warranted in drawing the inference—whether such inference be weak or

strong—that appellant's car was being driven in a straight line on its left of the center of the highway, and collided with the Eaddy truck head-on. They were at liberty to draw the inference, if they saw fit to do so, that the collision which destroyed the two front tires of the Eaddy truck, also caused the damage to the left front tire on the appellant's car.

The weight and credibility of the evidence is, of course, a question for the jury, and the jury has the right to select between contrary inferences which may be drawn from the evidence. *State v. Heavener,* 146 S. C., 138, 143 S. E., 674; *State v. Smith,* 125 S. C., 307, 118 S. E., 626; *State v. Floyd,* 174 S. C., 288, 177 S. E., 375.

Where the death of a human being is the result of accident or misadventure, in the true meaning of the term, no criminal responsibility attaches to the act of the slayer. If it be shown that the killing was unintentional; that it was done while the perpetrator was engaged in a lawful enterprise, and was not the result of negligence, the homicide will be excused on the score of accident. 26 Am. Jur., Sec. 220, Page 305. It is not such matter of defense as throws upon or shifts to the accused the burden of proving that the homicide occurred by accident or misadventure; the burden rests upon the State to prove beyond a reasonable doubt that the unlawful act in which the accused was engaged was at least the proximate cause of the homicide. But it was the province of the jury and not of the Court to consider and appraise the weight to be given to the testimony offered to support this defense. It is argued that the testimony for the defense is uncontradicted. This conclusion may be drawn if we consider the testimony of the defense witnesses alone.

In *Thompson v. Bearden,* 200 S. C., 519, 21 S. E. (2d), 189 and *Green v. Greenville County,* 176 S. C., 433, 180 S. E., 471, 473, we quoted with approval

the following excerpt from 26 R. C. L., Page 1069: "* * * The fact that evidence is not contradicted by direct evidence does not render it undisputed, as there still remains the question of its inherent probability and the credibility of the witness or his interest in the result. To justify a Court in instructing a jury that a witness has told the truth, and in directing a verdict based on the truthfulness of his evidence, there must be nothing in the circumstances or surroundings tending to impeach the witnesses or to throw discredit on his statements. If there is anything tending to create distrust in his truthfulness, the question must be left to the jury."

In the case at bar, the jury was fully charged that they were the sole judges of the credibility of the witnesses, and of the force and effect to be given their testimony. They were likewise instructed that a defendant is presumed to be innocent, and that such presumption stays with him throughout the trial of the case, until his guilt is proved beyond a reasonable doubt. They were also instructed upon the doctrine of sudden emergency; and that "the defendant is not called upon to prove that this alleged accident or wreck was unavoidable. The State must prove beyond a reasonable doubt that the killing was unlawful."

In charging the statutory law of the road, the jury was instructed that the violation of the statute constituted negligence *per se*. Error is assigned because the Court failed to add that a violation of the statute is only negligence *per se* when such violation is the proximate cause of the homicide. We do not think that in any aspect of the case this omission could have been prejudicial to the defendant. The jury could not have failed to understand that appellant could not be convicted unless his negligence constituted the proximate cause of the homicide.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER, concur.