16668

STATE v. PHILLIPS
(72 S. E. (2d) 910)

*Mr. John B. Baltzeagar, Jr.,* of Norway, *for appellant,*

Mr. *Julian S. Wolfe, Solicitor,* of Orangeburg, *for Respondent,*

September 8, 1952.

TAYLOR, Justice.

The appellant was tried and convicted of the crime of rape at the September term of General Sessions Court for

Orangeburg County. The jury having recommended mercy, he was sentenced to serve a period of eight years at hard labor in the State Penitentiary. At the conclusion of the State's testimony, appellant moved for a directed verdict on the ground that there was a total absence of testimony tending to show that the sex act was accomplished by force, which was refused. Appellant now comes before this Court contending that such was error on the part of the trial Court; that the trial Court should have charged the law applicable to the crime of statutory rape; that Section 1440, South Carolina Code of Laws 1942, should have been charged as requested by appellant. The indictment charged appellant on the first count with common-law rape, in the second count with assault with intent to ravish, in the third count with assault and battery of a high and aggravated nature. But only the first two counts were submitted to the jury who found appellant guilty upon the first count.

It is useless to relate in detail the sordid facts as brought out in the trial of this case. The chief prosecuting witness was appellant's own daughter, 14 years of age. On the night in question the family had been to visit a relative for the purpose of picking beans. Returning to their home in the early hours of the morning, they retired immediately. Some short while thereafter, the mother of the prosecuting witness and the wife of appellant testified that she was aroused by a scream and the noise of a door being closed. She began to investigate and found her daughter, as she expressed it, being pinned to the ground by appellant who was having sexual intercourse with her.

The prosecuting witness testified that she awoke in the arms of her father who carried her from the house, placed her on the ground and forced her to have sexual intercourse with him.

Dr. J. M. Davis who examined prosecuting witness testified that there had been a penetration of her vagina and that there was present some contusion on the outside of the vagina.

One of the investigating officers testified that he, along with other officers, investigated the scene; that he observed some barefoot tracks at the place indicated by the prosecuting witness; that there was sand present which showed evidence of having been disturbed.

Without referring to further testimony, we are of the opinion that the trial Judge properly submitted the question to the jury for its consideration and there was no error in overruling the appellant's motion for a directed verdict of not guilty as the general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction and not merely such as raises a suspicion or conjecture in regards to it, the case should be submitted to the jury. *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825; *State v. Roddey,* 126 S. C. 499, 120 S. E. 359; *State v. Villepigue,* 127 S. C. 392, 121 S. E. 258; *State v. Walker,* 138 S. C. 293, 136 S. E. 215. For further decisions see South Carolina Digest, Criminal Law, 1157-1160.

Appellant next contends that it was error not to charge the law applicable to statutory rape. The indictment charged the Defendant with common-law rape and with attempted criminal assault. The Judge charged Section 1109 of the 1942 Code of Laws for South Carolina upon which the indictment was based and the law applicable to the case.

Appellant next contends that the trial Judge committed error in refusing to charge the jury the law applicable to the crime of incest. This was another request which was not in conformity with the crime charged in the indictment. There is therefore no merit in this contention.

We are of the opinion that all exceptions should be dismissed and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.