23996

The STATE, Respondent v. James E. GOODSON, Appellant.
(440 S.E. (2d) 370)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Deputy Atty. Gen Salley W. Elliott,* Columbia, and *Sol. Ralph J. Wilson,* Conway, *for respondent.*

Heard Oct. 6, 1993.

Decided Jan. 17, 1994.

HARWELL, Chief Justice:

James E. Goodson (Goodson) appeals his murder conviction, alleging that the trial judge erred in failing to instruct the jury on the defenses of accident and self-defense. We disagree and affirm.

## I. *Facts*

On the evening of January 4, 1992, Goodson was drinking and playing pool with friends at a local bar. An argument over a dollar bet erupted between Goodson and Jake Floyd (Floyd), during which Floyd threatened Goodson with a pool stick. Goodson responded by drawing a gun from his pocket. The owner of the bar, Roy Hemingway (Hemingway), intervened and escorted Goodson outside. There, Goodson fired the gun into the ground and then shot Hemingway. Hemingway died of a single gunshot that entered below his chin, traveled slightly upward, and entered the base of his brain.

At trial, Goodson testified that the gun "just went off" as Hemingway was "coming at him." However, two witnesses testified that the gun discharged shortly after Goodson held it against Hemingway's chin and threatened to "blow his brains out." Additionally, one witness stated that Goodson shot Hemingway and then exclaimed, "Who's next?" The trial judge rejected Goodson's request to charge accident and instructed the jury as to murder, manslaughter, and involuntary manslaughter. A jury convicted Goodson of murder and he appealed.

## II. *Discussion*

Goodson first asserts that the trial judge erred in failing to instruct the jury on self-defense. We disagree.

The law to be charged to the jury is determined by the evidence presented at trial. *State v. Lee*, 298 S.C. 362, 380 S.E. (2d) 834 (1989). To establish self-defense the defendant must establish the following elements: 1) the defendant must be without fault in bringing on the difficulty; 2) the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; 3) if his defense is based upon his belief of imminent danger, a reasonably prudent may of ordinary firmness and courage would have entertained the same belief; if the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness, and courage to strike the fatal blow to save himself from serious bodily harm, or losing his own life, and; 4) the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. *State v. Davis*, 282 S.C. 45, 317 S.E. (2d) 452 (1984). Here, Goodson presented no evidence which shows that he believed he was in imminent danger of losing his life or sustaining serious bodily injuries at the time he shot Hemingway. There also is no evidence that Goodson was actually in imminent danger at the time he shot Hemingway. Accordingly, we find that the trial judge did not err in failing to instruct the jury on self-defense.

Goodson next asserts that the trial judge erred in refusing to instruct the jury on the defense of accident. We disagree.

For a homicide to be excusable on the ground of accident, it must be shown that the killing was unintentional, that the defendant was acting lawfully, and that due care was exercised in the handling of the weapon. *State v. Brown*, 205 S.C. 514, 32 S.E. (2d) 825 (1945). Goodson contends he was acting lawfully when the gun accidentally discharged because he was acting in self-defense.[1] Homicide is excusable

---

[1] We reject the State's claim that because Goodson unlawfully possessed a firearm, the defense of accident is precluded. Rather, the burden rests upon the State to prove beyond a reasonable doubt that the unlawful act in which the accused was engaged was at least the proximate cause of the homicide. *State v. Brown*, 205 S.C. 514, 32 S.E. (2d) 825 (1945).

on the ground of accident when it appears that the defendant was acting lawfully in self-defense and the victim was shot by accident through the unintentional discharge of a gun. *State v. McCaskill*, 300 S.C. 256, 387 S.E. (2d) 268 (1990). However, as stated above, Goodson presented no evidence from which the jury could have found that he shot Hemingway while acting in self-defense. Therefore, the trial judge did not err in refusing to give the requested accident charge. *See State v. Weaver*, 265 S.C. 130, 217 S.E. (2d) 31 (1975) (a trial judge should not give a requested instruction that submits an issue which is not presented or supported by the evidence).

For the foregoing reason, Goodson's conviction is

Affirmed.

CHANDLER, FINNEY and MOORE, JJ. concur.

TOAL, J., concurring in separate opinion.

TOAL, Justice, concurring:

I concur with the majority in the result. I would disagree, however, with footnote 1. I would hold that Goodson was not lawfully armed at the time he shot and killed the victim; and, therefore, he was not entitled to a charge of accident.

In *State v. McCaskill*, 300 S.C. 256, 387 S.E. (2d) 268 (1990), we held that a person armed in self-defense is in lawful possession of a weapon. Goodson attempts to bring himself under *McCaskill, supra* by claiming that he was still lawfully armed in self-defense when he shot and killed Hemingway.

In *McCaskill*, the defendant was armed in self-defense when the gun accidentally discharged killing the victim. The self-defense component in *McCaskill* related solely to the defendant's lawful act of arming herself. McCaskill was in her home and she had been threatened by the victim. In sharp contrast, Goodson was in a bar where he claims to have legally armed himself against another person who threatened him with a pool stick. The incident which gave rise to Goodson's claim of self-defense ended as the alleged aggressor retreated. Goodson was then led outside of the bar by the bar owner where the shooting occurred.

Unlike McCaskill, who could lawfully possess the weapon in her own home, Goodson unlawfully possessed the weapon

when he carried it on his person. S.C. Code Ann. § 16-23-20 (1985). Assuming the incident inside the bar gave rise to a self-defense claim sufficient to render Goodson's act of arming himself lawful, any lawfulness in Goodson's being armed ended when he was no longer threatened.

I agree with the majority in footnote 1 to the extent it states that the unlawful act must be the proximate cause of the injury before the defendant's defense of accident is defeated. The unlawful possession of a firearm alone may not in all cases be the proximate cause of the injury. *See generally,* WAYNE R. LAFAVE AND AUSTIN W. SCOTT, JR., CRIMINAL LAW § 79 (1972). But, where, as here, the defendant unlawfully possesses a firearm, has been drinking heavily all day, and kills the bar owner with the unlawful firearm, the unlawful possession of the firearm is a proximate cause of the injury. *See State v. Badgett,* 87 S.C. 543, 70 S.E. 301 (1911); *State v. Tucker,* 86 S.C. 211, 68 S.E. 523 (1910); *State v. Gilliam,* 66 S.C. 419, 45 S.E. 6 (1903).