THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Harold Lee
 Jackson, Appellant.
 
 
 

Appeal From Beaufort County
Judge Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2012-UP-038
 Heard November 15, 2011  Filed January
25, 2012    

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant. 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia,
 for Respondent.
 
 
 
 

PER CURIAM: Harold Lee Jackson appeals his convictions
 of murder and two counts of assault and battery with intent to kill arguing the
 trial court erred in denying his request for a jury charge on self-defense.  We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Bryant, 372 S.C. 305, 312, 642 S.E.2d
 582, 586 (2007) ("In criminal cases, an appellate court reviews errors of
 law only and is bound by the factual findings of the trial court unless clearly
 erroneous."); State v. Burkhart, 350 S.C. 252, 260, 565 S.E.2d 298,
 302-03 (2002) (stating if there is any evidence in the record to support
 self-defense, the issue should be submitted to the jury); id. (finding
 the trial court's refusal to give a requested jury instruction must be both
 erroneous and prejudicial to warrant reversal); State v. Goodson, 312 S.C. 278, 280, 440 S.E.2d 370, 372 (1994) (concluding a
 self-defense charge is not required unless it is supported by the evidence); State
 v. Davis, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984) (listing the four elements
 to establish self-defense: (1) the defendant must be without fault in bringing
 on the difficulty; (2) the defendant must have actually believed he was in
 imminent danger of losing his life or sustaining serious bodily injury, or he
 actually was in such imminent danger; (3) if the defense is based on belief of
 imminent danger, a reasonably prudent man of ordinary firmness and courage
 would have entertained the same belief, and if the defendant actually was in
 imminent danger, the circumstances were such as would warrant a man of ordinary
 prudence, firmness, and courage to strike the fatal blow in order to save
 himself from serious bodily harm or losing his own life; and (4) the defendant
 had no other probable means of avoiding the danger of losing his own life or
 sustaining serious bodily injury); State v. Santiago, 370 S.C. 153, 166,
 634 S.E.2d 23, 30 (Ct. App. 2006) (Anderson, J., dissenting) (noting if the
 defendant provokes or initiates the assault, he cannot invoke self-defense).  
AFFIRMED.
SHORT, WILLIAMS,
 and GEATHERS, JJ., concur.