**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ricky Bernard Brown, Appellant.

Appellate Case No. 2020-001600

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2024-UP-297
Heard June 3, 2024 – Filed August 21, 2024

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Ricky Bernard Brown appeals his convictions for kidnapping, possession of a firearm by a person convicted of a violent crime, pointing and presenting a firearm, and his sentence of life without the possibility of parole.

Brown argues the trial court erred by refusing to instruct the jury on not guilty by reason of insanity and guilty but mentally ill because evidence that he lacked the mental capacity to distinguish between right and wrong and was unable to conform his conduct to the requirements of the law was presented at trial. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by refusing to instruct the jury on not guilty by reason of insanity and guilty but mentally ill because Brown failed to present any evidence at trial that he either (1) lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong or (2) lacked sufficient capacity to conform his conduct to the requirements of the law. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *see also Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Goodson*, 312 S.C. 278, 280, 440 S.E.2d 370, 372 (1994) ("The law to be charged to the jury is determined by the evidence presented at trial."); *State v. Williams*, 367 S.C. 192, 195-96, 624 S.E.2d 443, 445 (Ct. App. 2005) ("If there is any evidence to support a charge, the trial court should grant the request. The requesting party must have been prejudiced by the trial court's failure to give the instruction in order to warrant reversal on appeal." (citation omitted)); S.C. Code Ann. § 17-24-10(A) (2014) (providing the affirmative defense of insanity requires that "at the time of the commission of the act constituting the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong"); S.C. Code Ann. § 17-24-20(A) (2014) ("A defendant is guilty but mentally ill if, at the time of the commission of the act constituting the offense, he had the capacity to distinguish right from wrong or to recognize his act as being wrong as defined in Section 17-24-10(A), but because of mental disease or defect he lacked sufficient capacity to conform his conduct to the requirements of the law."); S.C. Code Ann. § 17-24-10(B) (2014) ("The defendant has the burden of proving the defense of insanity by a preponderance of the evidence."); S.C. Code Ann. § 17-24-20(B) (2014) ("To return a verdict of 'guilty but mentally ill[,]' the burden of proof is . . . upon the defendant to prove by a preponderance of [the] evidence that when he committed the crime[,] he was mentally ill as defined in subsection (A)."); S.C. Code Ann. § 17-24-30 (2014) ("[W]hen the affirmative defense of insanity is raised sufficiently by the defendant,

or when sufficient evidence of a mental disease or defect of the defendant is admitted into evidence," the verdict form must include four possible verdicts: "(1) guilty; (2) not guilty; (3) not guilty by reason of insanity; or (4) guilty but mentally ill.").

Here, testimony was presented during trial that Brown had prior mental health diagnoses and that at the time of the offenses, he was suffering from depression and suicidal ideations.  However, Brown presented no evidence that at the time he committed the offenses, any such mental disease or defect caused him to lack the capacity to distinguish moral or legal right from wrong, to recognize his conduct as morally or legally wrong, or to conform his conduct to the requirements of the law. Thus, we hold the trial court did not err by refusing to charge guilty but mentally ill or not guilty by reason of insanity.  *See State v. Lewis*, 328 S.C. 273, 278, 494 S.E.2d 115, 117 (1997) ("A requested charge on insanity is properly refused where there is no evidence tending to show the defendant was insane at the time of the crime charged."); *id.* at 278-79, 494 S.E.2d at 117 (holding the appellant was not entitled to a charge on insanity when, although "[the] appellant suffered from severe depression, the evidence d[id] not suggest he was unable to distinguish between right and wrong or unable to recognize his actions as morally or legally wrong at the time of the offense" and that "[e]ven [the] appellant's own testimony that he was 'out of [his] mind' d[id] not indicate he could not differentiate between right and wrong or recognize his conduct as wrong" (second alteration in original)); *see also State v. Curry*, 410 S.C. 46, 54, 762 S.E.2d 721, 725 (Ct. App. 2014) (holding the trial court erred by failing to give a guilty but mentally ill jury instruction when lay and expert testimony was presented regarding the defendant's antisocial conduct, odd mannerisms, isolationist behavior, and stockpiling of feces and placing it on his face and clothes, and the defendant's counselor testified he suffered from mania at the time of the offense).

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**