**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Luis Armando Alvarez, Appellant.

AND

The State, Respondent,

v.

Juan Carlos Alvarez, Appellant.

Appellate Case No. 2023-000182

---

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-204
Heard April 17, 2025 – Filed June 25, 2025

---

**AFFIRMED**

---

Beattie B. Ashmore, of Beattie B. Ashmore, PA; and
Robert Asher Watson, of Watson Fowler, both of
Greenville, for Appellants.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

---

**PER CURIAM:**  In this consolidated appeal, brothers Luis Alvarez and Juan Alvarez (collectively, Appellants) appeal their convictions for two counts each of attempted murder and two counts each of possession of a weapon during the commission of a violent crime.  We affirm.

"In criminal cases, the appellate court sits to review errors of law only." *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015).  "Thus, on review, the court is limited to determining whether the trial court abused its discretion." *State v. McBride*, 416 S.C. 379, 385, 786 S.E.2d 435, 438 (Ct. App. 2016).  "An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law." *Id.*  "This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence." *Id.* (quoting *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) (alteration in original)).

## I.  Self-Defense Jury Instruction

Appellants argue the trial court erred in refusing to instruct the jury on self-defense.  We disagree.  "An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion." *State v. Perry*, 440 S.C. 396, 403, 892 S.E.2d 273, 276 (2023) (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010)).

"If there is *any* evidence of record from which it can be reasonably inferred that an accused justifiably inflicted a wound in self-defense, then the accused is entitled to a charge on the law of self-defense." *State v. Wigington*, 375 S.C. 25, 31, 649 S.E.2d 185, 188 (Ct. App. 2007) (emphasis added).

> In order to establish self-defense in South Carolina, the following four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious

bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, a reasonably prudent person of ordinary firmness and courage would have entertained the same belief that he was actually in imminent danger and the circumstances were such as would warrant a person of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or loss of his own life; and (4) the defendant had no other probable means of avoiding the danger.

*Id.*

Our review of the record reveals there is no evidence to support a self-defense jury instruction. The victims testified they were unarmed and that Appellants stabbed them without provocation. A witness testified he saw Appellants stab the unarmed victims without provocation. *See State v. Williams*, 427 S.C. 246, 249, 830 S.E.2d 904, 905–06 (2019) ("If there is no evidence to support the existence of any one element, the trial court must not charge self-defense to the jury."); *Wigington*, 375 S.C. at 32, 649 S.E. 2d at 188 ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide." (quoting *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999))); *id.* at 33, 649 S.E.2d at 188 ("[O]ne who provokes or initiates an assault cannot escape criminal liability by invoking self[-]defense." (first alteration in original) (quoting *Bryant*, 336 S.C. at 345, 520 S.E.2d at 322)); *id.* at 33, 649 S.E.2d at 189 (finding appellant was not entitled to a self-defense instruction when "[t]he evidence [was] uncontroverted that [victim] never hit, struck, or threw anything at appellant or presented any weapon"); *State v. Goodson*, 312 S.C. 278, 280, 440 S.E.2d 370, 372 (1994) (holding a self-defense charge is not required unless it is supported by the evidence).

## II. Accomplice Liability Jury Instruction

Appellants argue the trial court erred in charging the jury on accomplice liability for attempted murder. We find that even if the accomplice liability charge was improper, it was a harmless error because the evidence clearly indicates Appellants were guilty as principal actors. The record overwhelmingly suggests Appellants stabbed the victims without provocation. "When considering whether an error with

respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) (quoting *State v. Kerr*, 330 S.C. 132, 144–45, 498 S.E.2d 212, 218 (Ct. App. 1998)). "In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial." *Perry*, 440 S.C. at 403, 892 S.E.2d at 276–77 (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003)).

## III.  Right To Remain Silent

Appellants argue the trial court's failure to instruct the jury on Appellants' right to remain silent until after the jury told the trial court they had reached a verdict was a prejudicial error.  However, this argument is not preserved for our review.  Appellants did not raise an objection to the jury charge on the basis of the lack of a right to remain silent instruction at any time.  "A contemporaneous objection is required to properly preserve an error for appellate review." *State v. Greene*, 330 S.C. 551, 557, 499 S.E.2d 817, 820 (Ct. App. 1997).  Appellants neither objected to the lack of a right to remain silent charge after the initial jury charge nor did they object after the trial court gave the right to remain silent instruction.

The right to remain silent instruction contained curative language instructing the jury to continue their deliberations and to consider the right to remain silent instruction.  Appellants now claim this did not cure the initial error of the missing instruction, but Appellants did not raise this objection during trial.  *See id.* at 561, 499 S.E.2d at 822 ("A contemporaneous objection to the sufficiency of a curative charge must be made to preserve the issue for appellate review."); *see also State v. Hopkins*, 431 S.C. 560, 570 n.10, 848 S.E.2d 368, 373 n.10 (Ct. App. 2020) ("It is not clear if [appellant] made specific objections . . . during an off-the-record discussion, but even if he did, such an objection would be abandoned because it was not put on the record.").

Appellants claim the State exacerbated the error during its closing argument by stating "I have first argument because they put up no evidence, which is their right."  To the extent that the solicitor's comment could have exacerbated the initial error, the comment was harmless beyond a reasonable doubt considering the overwhelming evidence of Appellants' guilt.  *See State v. Primus*, 349 S.C. 576, 588, 564 S.E.2d 103, 109 (2002) (noting in light of overwhelming evidence of the defendant's guilt, the solicitor's comment in closing argument that defendant failed to call an alibi witness was harmless error), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

## IV. *Brady* Violation

Appellants argue the trial court erred in denying their motion to dismiss the charges, alleging the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to preserve and disclose records from Appellants' arrest in Florida, the body-worn camera (body cam) video from their extradition to South Carolina, and body cam video from the parking lot on the night of the incident. We disagree.

The trial court declined to find a *Brady* violation, finding Appellants made a general request for evidence as described in *Gibson v. State*[1] and Appellants did not demonstrate that the requested material was favorable to them, suppressed by the State, impeaching, or material to their guilt or innocence.

"The *Brady* disclosure rule requires the prosecution to provide the defendant with any evidence in the prosecution's possession that may be favorable to the accused and material to guilt or punishment." *State v. Anderson*, 407 S.C. 278, 286, 754 S.E.2d 905, 909 (Ct. App. 2014).

> Favorable evidence is either favorable exculpatory evidence or favorable impeachment evidence. Materiality of evidence is based on the reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. A reasonable probability is shown when the government's evidentiary suppression undermines confidence in the outcome of the trial. Furthermore, the prosecution has the duty to disclose such evidence even in the absence of a request by the accused. Thus, an individual asserting a *Brady* violation must demonstrate the evidence was (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) suppressed by the State; and (4) material to the accused's guilt or innocence, or was impeaching.

*Id.* at 287, 754 S.E.2d at 909 (internal citations omitted). "The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant." *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001) (citing *Arizona v. Youngblood*, 488 U.S. 51 (1988)).

---

[1] 334 S.C. 515, 524–25, 514 S.E.2d 320, 325 (1999) (noting the United States Supreme Court identified three distinct categories of *Brady* violations).

Here, the trial court correctly found that no *Brady* violation occurred because Appellants have not shown the evidence was favorable to them. They claim the Florida records would have shown injuries to support their claim of self-defense.[2] However, the mugshots from Greenville taken when they were brought back from Florida showed no injuries. Further, Appellants have not shown the evidence was suppressed by the State because Appellants were given the opportunity to obtain the Florida records but objected. Appellants argue the body cam video of the incident could not have been obtained by any other means. However, body cam footage of the incident was played in court for impeachment purposes. Thus, the trial court did not err in denying Appellants' motion to dismiss.

Accordingly, Appellants' convictions are **AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[2] The incident occurred on September 22, and the warrants were served in Florida on October 12.