20044

Freddie IRICK, Appellant, v. STATE of South Carolina, Respondent
(216 S. E. (2d) 545)

*Marshall W. Abercrombie, Esq.,* of Laurens, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

June 23, 1975.

LITTLEJOHN, Justice:

The appellant, Freddie Lee Irick, was tried and convicted of burglary before Judge George T. Gregory, Jr., at Laurens in March 1973, and is serving a 15 year sentence. He filed an application for post-conviction relief with Judge Francis B. Nicholson. The application was denied. The appellant submits that Judge Nicholson was in error and has asked this Court to reverse his order.

The record reveals that there was no appeal after the trial, conviction and sentence. About ten months later, on February 18, 1974, the application for post-conviction relief was initiated. According to the agreed statement of facts, the grounds upon which the appellant sought post-conviction relief from Judge Nicholson were his contentions that the trial judge (Gregory) committed errors as follows:

"a. That His Honor [Judge Gregory] erred in refusing to quash the indictment, on the grounds that the arrest warrant was illegally obtained and that the Applicant was illegally arrested, and the refusal constituted a denial of due process provided by the Fourth and Fourteenth Amend-

ments of the Constitution of the United States. Article 1, Section 16 of South Carolina Constitution and Section 17-251 of the South Carolina Code of Laws.

"b. That his Honor [Judge Gregory] erred in refusing the Applicant's motion to suppress in-court identification testimony, the error being that such refusal denied the Defendant his constitutional rights as guaraneed by the Fifth and Sixth Amendments of the Constitution of the United States."

We are of the opinion that the appellant was not entitled to post-conviction relief. In effect, he asked Judge Nicholson to review the rulings of Judge Gregory and reach a different conclusion. Both are circuit judges of similar jurisdiction and authority.

The agreed statement of facts itself recites that these two questions were raised in the trial of the case and, even though the rulings were adverse to the appellant, no appeal was taken. That statement in relevant part is as follows:

"Prior to the trial, counsel for the Defendant moved to quash the indictment on the ground that the warrant was illegally obtained and issued and that the Defendant was illegally arrested. The Defendant's counsel moved, prior to any in-court identification being made, to suppress any in-court identification of this Defendant by Mrs. Cook, or by any member of her family on the grounds that the circumstances and facts surrounding the Defendant's arrest, and because the Defendant was never placed in line-up and the facts and circumstances surrounding the trial give rise to and are susceptible to an irreparable misidentification of the Defendant."

At the hearing of the application for post-conviction relief before Judge Nicholson, counsel for the appellant relied wholly upon the trial record and submitted no additional evidence. Counsel stated:

"May it please the Court, I predicate my application, or Defendant's application, on two grounds, which are set forth in the application for post-conviction relief. And they both constitute the grounds—the first ground is that there was an illegal arrest and the second ground is that the Judge erred in failing to grant the motion to suppress any in-court identification of this Defendant by Mrs. Cook.

"Judge, I am willing, and I've discussed this with my client, Mr. Irick, willing to submit the record and stand on the [trial] record. I don't think that at this time I would offer additional information or any additional testimony which would give this Court any additional information which is not already in the record. I think the record is sufficient on these two points."

In *Simmons v. State,* S. C., 215 S. E. (2d) 883 (filed April 28, 1975), we held that an application for post-conviction relief is not a substitute for an appeal, citing 24 C. J. S. Criminal Law, § 1606(9)b, and *State v. White,* 274 N. C. 220, 162 S. E. (2d) 473 (1968).

While adhering to our ruling in Simmons, we add the comment that our study of the case convinces us that the appeal on its merits should not be sustained.

The appeal is dismissed, and the order of the lower court is

Affirmed.

Moss, C. J., Lewis and Ness, JJ., and Brailsford, A. A. J., concur.