## 20142

Elijah DeLEE, Appellant, v. Carl KNIGHT, Sheriff of Dorchester County, et al., Respondents.

(221 S. E. (2d) 844)

104

*Messrs. F. Henderson Moore* and *Ray McClain,* of *Charleston,* and *Laughlin McDonald,* of Atlanta, Georgia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

Dec. 31, 1975.

NESS, Justice:

Elijah DeLee was denied post con conviction relief and appeals. The trial court upheld appellant's conviction of involuntary manslaughter for which he was sentenced to three years imprisonment. DeLee gave notice of intention to appeal the conviction but failed to perfect the appeal within 210 days. The trial court found the failure to perfect the appeal within the required period was due to neglect of counsel and not acquiesced in by DeLee. In order to fully protect the appellant's right to the effective assistance of counsel at every critical stage of the criminal process, we have considered the merits of each issue as if this were a

belated appeal from the conviction. See *Gore v. Leeke,* 261 S. C. 308, 199 S. E. (2d) 755 (1973).

The trial court's denial of the application for post conviction relief and the conviction of involuntary manslaughter are affirmed. The appellant raises four issues.

(1) Was evidence of speed and careless operation of the appellant's motor vehicle moments before the accident improperly admitted; (2) was there sufficient evidence to submit the charge to the jury; (3) was the procedure for selecting a petit jury and empaneling a jury for trial prejudicial error; and (4) did the court abuse its discretion in refusing a change of venue.

Viewed most favorably to the State, the evidence and reasonable inferences revealed the appellant was driving a school van type bus, overloaded with very young children, when it left the road, ran into some trees and overturned. One of the passengers was killed and others were injured. Damages to the bus evinced excessive speed as one side of the bus had been ripped from its frame.

Two witnesses observed the bus a few minutes prior to the accident. One testified she passed the bus about eight tenths of a mile from the accident while going in the opposite direction. She observed the bus for about five hundred feet; it was across the center line at times as much as two feet and was speeding.

The other witness followed the appellant for over a mile. The appellant was speeding and weaving from one side of the road to the other. The witness was behind the appellant until they reached an intersection about one mile from the accident. At the intersection the witness continued straight and the appellant turned without giving a signal or stopping in obedience to a stop sign.

Appellant contends the testimony of these witnesses should have been excluded as being too remote to have substantial probative value. Based upon appellant's hypothesis, the only

relevant testimony would have been an eyewitness account of the wreck or of the *res gestae;* presumably this would include the braking distance prior to the wreck.

Appellant was charged with involuntary manslaughter which required a finding of criminal negligence, statutorily defined as conduct evidencing a "reckless disregard of the safety of others." S. C. Code § 16-55.1 (1974 Cum. Supp.)[1] The legal issue was whether the appellant's actions were in violation of the statute. "Recklessness implies the doing of a negligent act knowingly. When a man actually acts negligently and he realizes that he is acting negligently, the law says he is reckless or willful and wanton . . ." *State v. Rachels,* 218 S. C. 1, 8, 61 S. E. (2d) 249, 252 (1950) ; *Yaun v. Baldridge,* 243 S. C. 414, 134 S. E. (2d) 248 (1964).

The testimony of the two witnesses tended to prove the appellant's conscious indifference to the safety of the occupants of the bus by showing a continuity of speed and hazardous inattentive operation of the bus leading up to the accident. In *State v. Jenkins,* 249 S. C. 570, 155 S. E. (2d) 624 (1967), this Court approved of the trial court's allowance of testimony concerning the operation of a vehicle fifteen minutes prior to a wreck as being relevant to show the condition and mental attitude of the defendant at the time of the accident itself. The testimony challenged in the case at bar falls within the ambit of *Jenkins.* It was not so remote as to lead to conjecture or speculation.

Next, appellant argues the judge erred in refusing his motion for a directed verdict. The trial judge is concerned with the existence of evidence, not its weight, from which a jury could conclude the appellant's *criminal negligence* was the proximate cause of the child's

---

[1] Prior to the amendment of the statute, a defendant could be convicted of involuntary manslaughter if death resulted from an automobile accident upon a showing of mere negligence because an automobile was considered a "deadly weapon." *State v. Caldwell,* 231 S. C. 184, 98 S. E. (2d) 259 (1957) ; *State v. Phillips,* 226 S. C. 297, 84 S. E. (2d) 855 (1954).

death. The State had to prove heedlessness or willfulness; mere negligence does not support the conviction. See *State v. Phillips,* 226 S. C. 297, 84 S. E. (2d) 855 (1954) ; *State v. Jenkins, supra,* both dealing with reckless homicide. S. C. Code (1962), § 46-341 which deals with "reckless disregard of the safety of others."

The question of what constitutes criminal negligence depends on the facts and circumstances of each case. *State v. Addis,* 257 S. C. 482, 186 S. E. (2d) 415 (1972). The evidence of persistent speed, lack of control, which resulted in an unexplained departure from the road; and a pattern of careless weaving from one side of the road to the other, while operating a bus overcrowded with young children, supports a finding of criminal negligence.

■ The next issue involves the jury commission's removal of five prospective jurors from the petit jury venire. Appellant's counsel objected citing S. C. Code, § 38-108 (1975 Cum. Supp.) which reads:

"The presiding judge for cause shown may excuse anyone from jury duty at any term of court if he deems it advisable. But no juror who has been drawn to serve at any term of the court shall be excused except for good and sufficient cause, *upon affidavits,* which, together with his application, shall be filed in the office of the clerk of the court and remain on record. *Provided,* that any woman having a child under seven years of age of whom she has legal custody and the duty of care, *who desires to be excused from jury duty,* shall present the facts to the presiding judge in open court, and the responsibility for custody and advisability of granting the request and the provisions of § 38-109 shall not apply to any such woman juror." (Emphasis added).

The court conducted a hearing and concluded the jurors were excluded for the following reasons: one for an unspecified criminal offense; one had moved out of state; one was bedridden; one as the mother of a small child was entitled

to an exemption; and one as an attorney was also entitled to an exemption. Although compliance with the statute is suspect, there has been no showing by the appellant that he was prejudiced by the excusal of the five prospective jurors. Accordingly, this exception is overruled.

Appellant objected to the petit jury array on several other grounds. None of these are factually supported by the record and are accordingly overruled without discussion.

Next, Appellant's motion for a dismissal or a change of venue based on pretrial publicity was denied and he argues he was denied a trial by a fair and impartial jury. The extent of media coverage or the contents of newspaper articles is not in the record. Thus, we cannot determine that the trial was polluted with outside influence. Additionally, for tactical reasons appellant's counsel did not desire a change of venue to several counties proposed by the judge. Instead, counsel preferred a speedy trial and was willing to proceed without a change of venue. Moreover, extensive *voir dire* was used to fully protect the appellant's right. Hence, this exception is without merit.

The trial judge excused nine jurors for cause and appellant argues the court erred in refusing to excuse four additional jurors for whom he had to use his peremptory challenges.[2] The challenged jurors had heard of the case and some of the details, however, they had not formed any concrete opinion about the guilt or innocence of the appellant. Each stated he would abide by the instructions of the court and render a just verdict based solely on the evidence adduced at trial, without regard to any preconceived ideas resulting from pretrial publicity. Based on these facts, the trial judge determined the jurors were qualified.

In the case of *Irvin v. Dowd,* 366 U. S. 717, 81 S. Ct. 1639, 6 L. Ed. (2d) 751 (1961) the Supreme Court adhered to the view that the trial judge's determination of the neutrality of jurors should not be disturbed unless error is

[2] Appellant used all of his peremptory challenges.

manifest. Our cases emphasize the trial judge's discretion in passing upon the neutrality of a juror. *State v. Middleton,* 207 S. C. 478, 36 S. E. (2d) 742 (1946). One of the reasons for placing the paramount duty on the trial judge is assayed in *Middleton.* "The manner and bearing of the juror, nature's stamp of character on form and countenance are evidential exhibits for the Circuit Judge which may indicate the juror's real attitude more than his words." p. 497, 36 S. E. (2d) p. 749. An appellate court does not have the benefit of observing these characteristics; therefore, we must necessarily rely on the wisdom and judgment of the trial judge unless the record firmly establishes an abuse of discretion.

In *Irvin v. Dowd, supra,* the court observed that in criminal trials due to "swift widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case . . . To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." 366 U. S. p. 722, 81 S. Ct. p. 1642-3.

The record fails to demonstrate the trial judge abused his discretion or committed a manifest error in finding the jurors were qualified.

The appellant has raised several other related issues, but we do not think they have any merit or require discussion.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.