**Lewis PATTERSON and Terry Chappel, Appellants,**

v.

**William D. LEEKE and the Attorney General of the State of South Carolina, Appellees.***

**No. 76–2000.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 17, 1977.

Decided June 13, 1977.

* Consolidated with the following:
 *Young v. Leeke,* 76–2001; *Turner v. Leeke,* 76–2002; *Williard v. Leeke,* 76–2003; *Thompson v. Harvey,* 76–2004; *Smith v. Harvey,* 76– 2005; *Sanders v. Leeke,* 76–2006; *Vaughn v. Martin,* 76–2007; *Snoddy v. Leeke,* 76–2008; and *Stewart v. Leeke,* 76–2009.

William T. Toal, Greenville, S. C., for appellants.

Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for appellees.

Before WINTER, CRAVEN ** and WIDENER, Circuit Judges.

PER CURIAM:

The district court dismissed the habeas corpus petitions of these state prisoners on the ground that the prisoners had failed to exhaust remedies available to them in the South Carolina courts. On appeal petitioners contend that the state remedy said to be available to them, South Carolina's Uniform Post-Conviction Relief Act, S.C.Code § 17–601, is ineffective to protect their rights, and that therefore the district court erred in requiring exhaustion. Because we agree with the district court that effective relief is available to the petitioners in the South Carolina courts, we affirm.

I.

Petitioners, all of whom are within the custody of the South Carolina Department of Corrections filed petitions for writs of habeas corpus in the district court, contending that they had been denied the effective assistance of counsel because they had not been advised of their right to appeal their convictions. The records show that none of these prisoners filed a timely notice of appeal following his state court conviction. In the various proceedings in the district court, petitioners argued that under *Nelson v. Peyton*, 415 F.2d 1154 (4 Cir. 1969), they were entitled to be released unless the state afforded them a belated appeal or a new trial. Because South Carolina procedure does not allow a belated appeal where no notice of appeal was timely filed, and be-

** Although Judge Craven died before the preparation of this opinion, he voted to affirm the district court.

cause the South Carolina Post-Conviction Relief Act does not allow review of issues that could have been raised on direct appeal, petitioners contended that it would be futile for them to seek relief in the state courts. They therefore urged the district court to consider their petitions without first requiring resort to the South Carolina courts.

In each case the district court rejected the petitioner's contention. Relying particularly on *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974), the district court concluded that, while the South Carolina Supreme Court was without jurisdiction to grant a belated appeal, each petitioner could pursue his claim by way of the state post-conviction act. The district court interpreted that South Carolina procedure as allowing a review by the state Supreme Court of all alleged trial errors if the prisoner could establish that his counsel had failed to advise him of his right to appeal. The petitions were therefore dismissed because of failure to exhaust state remedies.

## II.

The requirement that state remedies must be exhausted before the federal court will grant habeas corpus relief to state prisoners is contained in the habeas corpus statute, 28 U.S.C. § 2254(b). It provides that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

The statute further provides that a prisoner will not be considered to have exhausted state remedies "if he has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

 The Supreme Court of the United States has explained that "[t]he rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.'" *Fay v. Noia,* 372 U.S. 391, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837 (1963), quoting *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939). The underlying rationale of the requirement is that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. . . ." *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). Because the rule of exhaustion is one of comity and not of jurisdiction, it is to be applied with flexibility. As we have previously noted, and as the statute itself indicates, "[W]hen the state's procedural machinery is rendered ineffective by overly sophisticated technicalities and self-imposed limitations, the federal court should not feel compelled to abstain." *Hunt v. Warden, Maryland Penitentiary,* 335 F.2d 936 (4th Cir. 1964). The prisoners in this appeal contend that their cases fall into that category described in *Hunt* in which application of the exhaustion requirement is inappropriate.

The basis of each prisoner's petition for habeas corpus relief is his contention that his trial lawyer failed to advise him of his right to appeal his conviction to the South Carolina Supreme Court. Each contends that he was thereby denied the effective assistance of counsel to which the Sixth and Fourteenth Amendments entitle him. This court has previously recognized such a claim. In *Nelson v. Peyton, supra,* we held that where trial counsel terminates his services without informing his client of his right to appeal his conviction, the client is denied the effective assistance of counsel. In *Nelson,* we affirmed the district court's judgment that the writ should issue unless the state granted the prisoner a belated appeal or a new trial within 60 days.

In the present case the prisoners contend that, even if they are able to establish in the state courts that they were denied the effective assistance of counsel, the South

Carolina courts will not afford them the relief to which they are entitled—that is, belated appeals of their convictions. They note that on various occasions the South Carolina Supreme Court has held that it has no jurisdiction to grant a belated appeal if a timely notice of appeal was never filed. For example, in the case relied on by the district court, *White v. State, supra,* the state Supreme Court stated that it knew of no authority under which the judge who hears a petition for post-conviction relief can grant a belated appeal or a new trial on the ground that counsel did not advise the prisoner of his right to appeal. The court further stated that it has no jurisdiction to entertain a belated appeal absent the timely filing of notice of appeal. 208 S.E.2d at 39. The prisoners in this appeal therefore contend that, since they never filed notices of appeal from their convictions, it would be futile for them to seek relief in the South Carolina courts.

We disagree with their conclusion that the South Carolina courts will afford them no relief even if they are able to show that counsel never advised them of their right to appeal. While the decisions of the state Supreme Court indicate that the relief granted will not be in the form of a belated appeal, the court has shown its willingness in such a case to review fully all asserted trial errors raised on appeal from the denial of post-conviction relief. For example, in *White, supra,* the South Carolina Supreme Court stated:

> While this Court is without jurisdiction to entertain . . . [a belated] appeal, . . . this Court, *in connection with the appeal which is properly before us,* has fully reviewed the trial record and our review thereof has led to the conclusion that there was no reversible error in the trial . . . .. 208 S.E.2d at 39–40 (emphasis added).

In its opinion, the court fully discussed each alleged trial error raised by White. The court followed a similar approach in *DeLee v. Knight,* 266 S.C. 103, 221 S.E.2d 844 (1975), and in *Gore v. Leeke,* 261 S.C. 308, 199 S.E.2d 755 (1973), both of which were before the court as post-conviction appeals.[1]

Our reading of these cases indicates that petitioners still have available to them a means under state law of raising the question they sought to present in the district court. Each can proceed by way of the Post-Conviction Relief Act, S.C.Code § 17–601, presenting to the circuit court the factual question of whether trial counsel failed to advise him of his right to appeal. While that court would be without authority to reverse the conviction on the basis of the asserted trial errors, it would have jurisdiction to decide whether or not the petitioner had been denied the effective assistance of counsel. If it decided that effective assistance of counsel had been denied, the case could then be appealed to the state Supreme Court on the ground that full relief was not granted, and the state Supreme Court could review the trial record and reverse on the basis of the asserted errors. If the circuit court found that effective assistance of counsel had not been denied, the petitioner could appeal that ruling; and if the state Supreme Court disagreed with the circuit court, it could again review the trial record and reverse if it found meritorious assignments of error.

Petitioners contend, however, that the post-conviction procedure is not an adequate substitute for the belated appeal to which *Nelson, supra,* entitles a prisoner who was not advised of his right to appeal. They point out various ways in which South Carolina's post-conviction procedure differs

1. Any doubt as to the proper procedure for seeking relief in such a case was cleared up by the recent decision in *State v. Walker,* No. 76–119 (S.C.Sup.Ct., Dec. 2, 1976). In that case Walker, who had never filed a timely notice of intention to appeal his armed robbery conviction, moved for an order vacating his original conviction and entering a new judgment of conviction from which he could appeal.

He alleged that his trial counsel had failed to advise him of his right to appeal. The Supreme Court agreed with the lower court that it was without jurisdiction to grant such a motion. It then proceeded to specify the proper route for Walker to take: "Appellant has his remedy through an application for post conviction relief, *White v. State,* 263 S.C. 110, 208 S.E.2d 35 . . . .."

from a direct appeal: oral argument before the Supreme Court is not permitted; the delays involved are much greater than in a direct appeal; not all trial errors can be considered; a post-conviction petitioner may not be considered for bail; and the stay of a petitioner's death sentence is only discretionary.

Of these alleged distinctions, we consider the most serious to be the contention that the state Supreme Court will not consider all of the trial errors that might be raised in the post-conviction process outlined above. The prisoners contend that the post-conviction act excludes consideration of the sufficiency of the evidence supporting a conviction and other errors that could have been raised on direct appeal. In support of their argument they cite *Irick v. State,* 264 S.C. 632, 216 S.E.2d 545 (1975), and *Simmons v. State,* 264 S.C. 417, 215 S.E.2d 883 (1975). In both cases the court refused to consider in post-conviction proceedings the sufficiency of the evidence and other errors that were proper for the court's consideration on direct appeal. However, in neither case did the ·petitioner allege, nor did the lower court find, that he had failed to pursue a direct appeal because he had not been advised by counsel of his right to do so. We consider that distinction crucial.

The South Carolina Supreme Court stated in *Simmons, supra,* that the reason it would not consider certain of the trial errors raised by the petitioner was that "an application for post-conviction relief is not a substitute for an appeal." 215 S.E.2d at 885. Quoting from 24 C.J.S. Criminal Law § 1606(9)b, the court explained:

> Generally, post-conviction hearing statutes do not afford relief in the case of alleged errors for which remedies were available before and during the original trial, or by review on motion for a new trial or on appeal. These statutes were not intended to afford a procedure to operate as a substitute for a motion for a new trial, or for an appeal or a writ of

error; and ordinarily a judgment of conviction may not be challenged on grounds which could have been raised by a direct appeal.

*Id.*

■ Where, however, because of ineffective assistance of counsel, a petitioner was not able to raise certain errors by way of direct appeal, we feel certain that the South Carolina Supreme Court would recognize the inapplicability of the general policy which is aimed at preventing a petitioner from deliberately circumventing his direct appeal and relying instead on post-conviction relief. In fact, the court did just that in *DeLee v. Knight,* 266 S.C. 103, 221 S.E.2d 844 (1975). In that post-conviction case, the lower court found that DeLee's failure to perfect his appeal within the required period was due to the neglect of counsel and was not acquiesced in by the petitioner. On appeal the Supreme Court proceeded to consider fully every trial error raised by petitioner, *including* the question of the sufficiency of the evidence, so as "to fully protect the appellant's right to the effective assistance of counsel at every critical stage of the criminal process . . . ." 221 S.E.2d at 845. This leads us to conclude that petitioners would receive full consideration of all of their asserted trial errors should they establish that they were not informed by counsel of their right to appeal.

■ The other problems with South Carolina's post-conviction procedure that petitioners describe are not of sufficient magnitude to render exhaustion unnecessary. While we understand petitioners' concern over the fact that the post-conviction route has been quite time-consuming in the past, we recognize the recent efforts by the state's Chief Justice to reduce the delay.[2] As for the lack of oral argument and the other differences between post-conviction and appellate procedure noted by petitioners, they do not prevent the petitioners from getting the relief that they seek—that

---

**2.** We have been informed by the State that, in an effort to reduce the backlog of post-conviction cases, additional judges and court reporters have been appointed and special terms of court are being held.

is, a chance to have the state Supreme Court review the trial record and consider the trial errors they raise. We therefore conclude that the state post-conviction procedure provides an effective remedy to these petitioners and is one which should be exhausted before federal relief can be considered.[3]

*AFFIRMED.*

---

3. Two of the petitioners, William Stewart and Jimmy Williard, contend that they have complied with the exhaustion requirement. Stewart filed a motion for a belated appeal, which was denied by the circuit court and affirmed on appeal; Williard filed a "Petition for Writ of Mandamus," which has not been acted upon. Because they have not sought relief under the post-conviction procedure outlined above, we affirm the dismissals of their petitions.