George William MILLER, Appellant,

v.

James L. HARVEY, Warden, and the Attorney General of the State of South Carolina, Appellees.

No. 77–1361.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1977.

Decided Nov. 29, 1977.

Vance L. Cowden, Columbia, S. C., Corrections Clinic, U. S. C. School of Law, for appellant.

Katherine W. Hill, Asst. Atty. Gen., Columbia, S. C. (Daniel R. McLeod, Atty. Gen., and Emmet H. Clair, Senior Asst. Atty. Gen., Columbia, S. C., on brief), for appellees.

Before WINTER, BUTZNER and HALL, Circuit Judges.

BUTZNER, Circuit Judge:

George W. Miller appeals from the denial of a writ of habeas corpus. He challenges the district court's finding that he has not exhausted state avenues of appeal on his claim that he was unconstitutionally arrested and that evidence deriving from that arrest was unconstitutionally introduced against him at trial. With respect to the single issue on which he has exhausted state remedies, he disputes the court's conclusion that an improper experiment allegedly conducted by the jury during its deliberations does not justify granting the writ. We affirm.

I

■ Miller states that he was unable to docket an appeal from his conviction for rape because the court reporter failed to produce a transcript of his trial within the 210-day period allowed for appeal. The South Carolina Supreme Court twice denied Miller's timely motions for relaxation of the filing deadline. He therefore asserts that he has provided the South Carolina Supreme Court with an opportunity to review his claim of constitutional error that satisfies the exhaustion requirement in 28 U.S.C. § 2254 and that the district court should have entertained his claim.

In *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977), we held that South Carolina prisoners whose cases have not been reviewed on direct appeal must first pursue the remedy afforded by South Carolina's Uniform Post-Conviction Relief Act, S.C.Code § 17–601, before applying to a district court for habeas corpus relief. Miller has not sought relief under the post-conviction statute. While his inability to obtain direct review from the South Carolina Supreme Court stems from causes not considered by us in *Patterson*, we think the reasoning underlying that decision requires that Miller, too, use this procedure to present his claim to the South Carolina courts. Miller can there assert the claim that he lost his appeal through no fault of his own, and if he is successful either at the initial proceeding or on appeal, he will then be able to press the errors he assigns. If the South Carolina courts do not grant him adequate relief, he may reapply to the federal district court for a writ of habeas corpus.

II

■ During Miller's trial, the prosecuting witness testified that she had bitten her assailant on the arm during the attack. Photographs of marks on Miller's arm taken a few hours after the time of the attack were introduced into evidence, and an expert witness for the prosecution identified the marks as having been made by human teeth. The expert testified that the nature of the marks was inconsistent with Miller's

explanation that they had been caused by the rough edge of a chain link fence. Several days after the jury returned a verdict of guilty, Miller learned that they had conducted an experiment in which one of the women bit the foreman's arm. The jury had observed the resulting bruises for several hours before returning a verdict. By seeking a new trial on the basis of this incident and appealing the denial of his motion, Miller exhausted his state remedies concerning this claim.

The district court assumed, for the purpose of its decision, that the experiment occurred and constituted an improper consideration by the jury of matters not in evidence. Noting that other convincing circumstantial evidence linked Miller to the crime, it concluded without a hearing that, beyond a reasonable doubt, the error did not prejudice the defendant.

Miller contends that our decision in *United States v. Beach*, 296 F.2d 153 (4 Cir. 1961), requires that his conviction be vacated because of the improper experiment. *See also United States v. Welch*, 377 F.Supp. 367 (D.S.C.1973), *aff'd per curiam*, 496 F.2d 861 (4th Cir. 1974). In *Beach* we set aside a conviction because the jury conducted an experiment with machinery that was in evidence under conditions wholly unlike those relevant to the charges. Although the basis for our decision was not spelled out, we consider this case, as well as *Welch*, as resting on our supervisory powers over the district courts and not on a rule that jury experiments violate the safeguards of the sixth amendment.

In this case, therefore, the question is whether, on the basis of the whole record before us, the alleged experiment denied Miller due process of law. The jury had heard expert testimony that the marks on Miller's arm were made by human teeth and that Miller's alternative explanation for their presence was medically unlikely. Miller offered no evidence to corroborate his explanation. While we do not approve the experiment supposedly conducted by the jury, we cannot say that it introduced into the jury's deliberations new matter so prejudicial as to deny Miller due process of law.

Accordingly, the judgment of the district court is affirmed.

WINTER, Circuit Judge, dissenting:

I respectfully dissent.

I have serious doubt that *United States v. Welch*, 496 F.2d 861 (4 Cir. 1974), *aff'g per curiam*, 377 F.Supp. 367 (D.S.C.1973); and *United States v. Beach*, 296 F.2d 153 (4 Cir. 1961), can properly be declared inapplicable to the instant case on the ground that they were decided on the basis of our supervisory powers over district courts. In *Welch*, we justified the result by citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), thus implying constitutional grounds for our decision. Moreover, even if these two cases are deemed inapposite, we have held elsewhere that jury misconduct in a state criminal proceeding can rise to the level of a denial of due process of law if it results in substantial prejudice to the defendant. *Downey v. Peyton*, 451 F.2d 236 (4 Cir. 1971). *See also Parker v. Gladden*, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966); *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1964); *Irwin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1960). Miller's petition for a writ of habeas corpus specifically alleges misconduct by the jury constituting a "[v]iolation of due process of law"; he does not confine his claim to one of a violation of the sixth amendment, as the majority suggests.

I am persuaded that Miller has alleged facts sufficient to show that the jury experiment was both improper and sufficiently prejudicial to constitute a denial of due process of law. The only material issue of fact at Miller's trial was whether or not he was the rapist. As the majority notes, all of the evidence linking him to the crime was circumstantial. The most significant circumstantial evidence was a bruise on Miller's arm which the prosecution claimed was sustained in the course of the rape. Miller testified that this bruise was the result of a collision with a chain link fence suffered the same evening as the rape.

Photographs of the bruise, taken shortly after Miller's arrest, were admitted into evidence. Expert testimony to the effect that the bruise in the photographs was a product of a human bite was also received. If Miller's allegations are true, it is apparent that neither the photographs themselves nor the expert testimony persuaded the jury of Miller's guilt. If such evidence had been persuasive, it is unlikely that the foreman of the jury would have submitted to such a bizarre and painful experiment. Only after observing the bruise on the foreman's arm did the jury return a guilty verdict. It is also significant that Miller's first trial, one which was free of jury misconduct of the sort alleged in the second trial, ended as a mistrial for reason that the jury was unable to reach a verdict. In short, I think that Miller has alleged on actionable violation of due process.

I would remand this case to the district court with instructions to hold an evidentiary hearing in accordance with 28 U.S.C. § 2254(d). If the court finds that the experiment occurred under the circumstances that Miller alleges, the writ of habeas corpus should issue.