958 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James GRIFFIN, Petitioner-Appellant,
v.
STATE of South Carolina; Martha Wannamaker, Warden; Attorney
General of South Carolina, Respondents-Appellees.
 No. 91-7737.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 28, 1992
Decided: March 27, 1992
 
 James Griffin, Appellant Pro Se.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.
 Before HALL, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Griffin appeals from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). We dismiss the appeal.
 
 
 2
 Griffin contends that he was denied effective assistance of counsel when his trial attorney failed to file an appeal or consult him regarding whether he wished to file an appeal. To prevail on this claim, Griffin must show that: (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687-88 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Griffin's claim fails because he cannot satisfy the second part of the Strickland test.
 
 
 3
 Any denial of a direct appeal due to ineffective assistance of counsel is cured where the state provides full appellate review in a collateral proceeding. Patterson v. Leeke, 556 F.2d 1168, 1172 (4th Cir.), cert. denied, 434 U.S. 929 (1977). The Supreme Court of South Carolina granted certiorari and requested that Griffin brief the question of whether he was denied his right to appeal as well as any issues upon which he would have sought review in such an appeal. Griffin briefed only one issue. In affirming the dismissal of Griffin's state application for post-conviction relief, the Supreme Court of South Carolina cited to authority addressing Griffin's one appellate claim. We conclude that Griffin's right to an appeal was satisfied by this review. Thus, Griffin's claim of ineffective assistance of counsel fails because the prejudice he identified was cured by subsequent review.
 
 
 4
 Griffin failed to raise his remaining claims in his brief to the Supreme Court of South Carolina. Because Griffin's claims have not been presented to the state supreme court, and because he cannot raise his claims in a new state application for relief due to the final adjudication of his previous application, S.C. Code Ann.s 17-27-90 (Law. Co-op. 1976), it follows that his claims are procedurally barred. Teague v. Lane, 489 U.S. 288, 298 (1989). Accordingly, the district court properly denied relief on these claims.
 
 
 5
 We deny a certificate of probable cause to appeal and dismiss the appeal. We also dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED